## MEREDITH v. CRAWFORD.

MINOR.—*Suit for Services.*—*Set-Off.*—In an action to recover for work and labor done by the plaintiff for the defendant at the request of the latter while the former was a minor, he may recover whatever such services were reasonably worth, not being bound by any special contract as to the time he was to work or the amount to be paid him for his services; and the defendant may set off against the amount so recovered the reasonable value of necessaries furnished the plaintiff during the period of such service, such as food, clothing, schooling, &c.

SAME.—*Evidence.*—On the trial of such an action, the value of clothing furnished by the defendant to the plaintiff being in issue, the defendant asked a witness the following question: "Are you acquainted with the cost of furnishing *necessary* clothing per year for a girl of the age and size of the plaintiff, during the years she resided at the defendant's house?" And the court refused to allow the question to be answered.

*Held*, that this was not error.

INSTRUCTIONS TO JURY.—*Written.*—*Verbal Explanations.*—Where, upon the trial of a cause by a jury, the court is requested, at the proper time, to instruct the jury in writing, if the court accompanies its instructions with any verbal explanations, comments, and remarks, though not inconsistent with the law as set forth in the written instructions and in no way rehearsing the evidence, this will constitute a good cause for granting a new trial, on the motion of the party making such request.

APPEAL from the Rush Common Pleas.

DOWNEY, J.—This action was brought by the appellee against the appellant for work and labor done and performed extending through a period of several years. The plaintiff was an infant during most if not all the time. The defendant resisted the claim by a general denial, and by special paragraphs alleging, in substance, that the plaintiff, while she was in his family was there as a member of the family, and not for wages; that during the time, he had furnished her with boarding, clothing, and schooling, as he did the other members of his family, which were worth one hundred dollars a year, and which he proposed to set off against her claim for wages. He also pleaded the statute of limitations. There was a reply to these special paragraphs, a trial by jury, verdict for the plaintiff, motion for a new trial overruled, and judgment.

Several points are presented, all of which arise out of the assignment of error that the court refused to grant a new trial on the motion of the defendant. The plaintiff, having been an infant at the time, was not bound by any special contract as to the time that she was to work, or the amount to be paid to her therefor. *Dallas* v. *Hollingsworth*, 3 Ind. 537; *Wheatly* v. *Miscal*, 5 Ind. 142, and cases there cited.

She might, therefore, recover of the defendant, whatever her services were, under the circumstances, reasonably worth; at the same time being bound to pay for such necessaries as she received from the defendant, such as food, clothing, schooling, &c., what they were reasonably worth.

A question is discussed by counsel with reference to the ruling of the common pleas in refusing to allow certain questions to be answered which were propounded to some of the witnesses by the defendant. One of them was this: "Are you acquainted with the cost of furnishing necessary clothing per year for a girl of the age and size of the plaintiff, during the years she resided at defendant's house?"

We think this question and the others, which were similar to it, were objectionable. The proper way to prove the value of the clothing would, it seems to us, have been to prove what articles of clothing were furnished, and what they were worth. Perhaps, if this could not have been done, some one who saw how she was clad might have been allowed to state what it would have been worth to furnish such clothing. The question, by referring to *necessary* clothing, was too general and indefinite.

Objection is made to some of the instructions given. The evidence is not in the record, and we cannot say that the instructions are not correct.

It appears, however, that the court was requested, at the proper time, to give all instructions to the jury in writing, and also that in giving written instructions, in the language of the bill of exceptions, he accompanied them "with verbal explanations, comments, and remarks not inconsistent with the law as written, and in no way rehearsing the evi-

dence," and when the jury had failed to agree and returned into court for further directions, the request to instruct in writing being repeated, he again read to them the written instructions "accompanying the same with many verbal explanations, remarks, and comments, illustrative of the same principles of law read to them in the charges."

Counsel for the appellee, in attempting to justify the course pursued by the court, supposes that to give a charge upon a separate and distinct proposition orally, after having been requested to instruct in writing, would be erroneous; but that when the court only explains some point or word which may be left in doubt by the written charges, this is not error.

We cannot agree to this. When such request is made, it is the plain duty of the court to instruct in writing, abstaining from any oral explanations, comments, or modifications of the charge. *The Toledo and Wabash Railway Co.* v. *Daniels*, 21 Ind. 256, and cases therein cited.

The judgment of the common pleas is reversed, with costs, and the cause remanded.

*L. & W. O. Sexton* and *W. Cassady*, for appellant.

*B. F. Claypool*, *B. L. Smith*, and *A. B. Campbell*, for appellee.