DAVIS *v.* FOSTER.

INSTRUCTIONS.—*When required by Party to be Written, it is Error to instruct Orally.*—Under clause 5 of section 324 of the practice act, 2 R. S. 1876, pp. 166 and 167, a party to an action has the right to require the court to give its instructions to the jury in writing, and it is the duty of the court to comply with the requirement, and it is error to instruct the jury orally after such request has been made.

SAME.—*Applicability of Instruction.*—*Supreme Court.*—An instruction, substantially, that a man's reputation for truth is made by what his neighbors generally say of him, and if they generally say he is untruthful, that makes his general reputation for truth bad ; and that, upon the other hand, if a man's neighbors say nothing whatever about him. as to his truthfulness, that fact, of itself, is evidence that his general reputation for truth is good, is substantially correct as an abstract proposition ; but, in the absence of the evidence from the record, the Supreme Court can not pass upon its applicability to the particular case.

From the Tippecanoe Superior Court.

*W. C. Wilson* and *J. H. Adams*, for appellant.

*W. H. Bryan* and *J. L. McMillin*, for appellee.

Howk, C. J.—This suit was commenced by the appellee, against the appellant, before a justice of the peace of Tippecanoe county.

In his complaint, the appellee alleged, in substance, that the appellant was indebted to him in the sum of one hundred and sixty dollars and fifty cents, for cutting off and pushing back the banks of an old ditch, with a "Benton Ditcher," and then recutting the ditch with a "State Line Ditcher," an average depth of eighteen inches, said ditch being two hundred and fourteen rods in length, and situate on the appellant's farm, in said Tippecanoe county; that said ditching was done and completed in the summer of 1877, for which the appellee claimed seventy-five cents per rod, making the said sum of one hundred and sixty dollars and fifty cents; and that the said sum was due and unpaid, and for which, and for other proper relief, the appellee demanded judgment.

Before the justice, the appellant answered by a general denial and a set-off; and a trial of the cause by a jury resulted in a verdict for the appellee, in the sum of eighty-five dollars and fifty cents, and judgment was rendered accordingly. From this judgment an appeal was duly taken to the Tippecanoe Superior Court, by the defendant, below. In the latter court the case was again tried by a jury resulting in a verdict for the appellee, in precisely the same amount, as in the verdict before the justice. The appellant's motion for a new trial having been overruled, and his exception saved to this ruling, the court rendered judgment for the appellee, upon and in accordance with the verdict of the jury.

In this court, the appellant has assigned, as error, the overruling of his motion for a new trial. Under this alleged

error, the appellant's counsel have complained, in their brief of this cause, of certain instructions of the court to the jury trying this case. It is shown by a bill of exceptions, properly in the record, that the court had been required by one of the parties to give its instructions to the jury in writing. This the party had the right to require of the court under the fifth clause of section 324 of the practice act, and it was the duty of the court to comply with the requirement.   2 R. S. 1876, pp. 166 and 167.

The evidence on the trial is not in the record on file in this court; and our only information in regard to what transpired during the progress of the trial is obtained from the bill of exceptions containing the instructions. In the outset of this bill, after a statement to the effect that the appellant had requested the court to give the jury instructions in writing, it is said that, " on the conclusion of the argument, the court proceeded to make the following remarks orally to the jury, before instructing the jury :" and then followed these oral remarks of the court to the jury, covering fully two pages of legal cap manuscript, as the same have been reduced to writing in the bill of exceptions.   We need not set out these oral remarks in this opinion; it will suffice for us to say, that many of the remarks would seem to be not at all improper, and were perhaps rendered necessary, in explanation of some unpleasant words which had been used in the presence and hearing of the jury, during the progress of the trial.   But it can not be questioned, as it seems to us, that the concluding portion of these oral remarks assumed both the form and substance of an instruction to the jury, and would be so received and understood by the jury.   For, in the conclusion of these oral remarks, the court did instruct the jury, both as to what they should consider, and as to what they should not consider, in their examination of the case and in arriving at

their verdict.    That far forth, it is certain, we think, that the court erred in its oral remarks to the jury; for, the appellant having requested that the instructions to the jury should be in writing, as he had the right to do under the section of the code above referred to, the court was bound to comply with such request, and was not warranted in instructing the jury in oral remarks.    This is settled by the decisions of this court.  *Meredith* v. *Crawford*, 34 Ind. 399; *Gray* v. *Stivers*, 38 Ind. 197; *Hardin* v. *Helton*, 50 Ind. 319; and *Provines* v. *Heaston*, 67 Ind. 482.

The appellant's counsel also complain, in argument, of a part of the fifth instruction, wherein the court instructed the jury as follows:

" A man's reputation for truth is made by what his neighbors generally say of him in this regard. If they generally say he is untruthful, that makes his general reputation for truth bad. Upon the other hand, if a man's neighbors say nothing whatever about him, as to his truthfulness, that fact of itself is evidence that his general reputation for truth is good."

As the evidence on the trial is not in the record, of course we can say nothing in regard to the applicability of this part of the instruction to the case before the jury.    But, as an abstract proposition, we regard the part of the instruction quoted, as substantially correct. The first two sentences quoted are sustained, we think, by 1 Greenleaf on Evidence, section 461; and the fact mentioned in the last sentence quoted, that a man's neighbors say nothing whatever about his truthfulness, is evidence, though of a negative character, tending to show that his general reputation for truth is good.    Such evidence will depend very much for its strength upon the facts of the particular case.    Of this kind of evidence, it is well said in 1 Taylor's Law of Evidence, page 359, in section

325 a, that, "Aware that ' the best character is generally that which is the least talked about,' they " (the judges) " have found it necessary to permit witnesses to give negative evidence on the subject, and to state that ' they never heard any thing *against* the character of the person on whose behalf they have been called.' Nay, some of the judges have gone so far as to assert that evidence in this negative form is the most cogent proof of a man's good reputation." 34 L. J., M. C. 64 ; and 10 Cox, 34.

For the reasons first given, we are of the opinion that the court erred in overruling the appellant's motion for a new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the motion for a new trial.