No. 8591.

## BOTTORFF v. SHELTON.

INSTRUCTIONS.—*Oral and in Writing.—Practice.*—An oral instruction can not be lawfully given when the court has been properly required by a party to give all the instructions in writing.

SAME.—*Malicious Prosecution.—Reading Statute an Oral Instruction.*— Upon trial of an action for the malicious prosecution of a criminal action, orally citing and then reading to the jury the statute, 2 R. S. 1876, p. 465, section 18, defining malicious prosecution, was an oral instruction, and the court's failure, when it had been required, to reduce it to writing as a part of its written instructions thereupon given, was error.

From the Clark Circuit Court.

*M. C. Hester*, for appellant.

*D. C. Anthony*, for appellee.

NIBLACK, J.—Action by Joseph Shelton against Columbus J. Bottorff for malicious prosecution.

The complaint charged the defendant with having maliciously, and without probable cause, filed an affidavit before a justice of the peace, imputing to the plaintiff, and others, the crime of an assault and battery with an intent to murder him, the defendant, and with afterward dismissing a prosecution

based upon such affidavit, by reason of which the plaintiff was acquitted and discharged.

Answer in general denial.   Verdict for the plaintiff.   Motion for a new trial overruled, and judgment on the verdict.

Error is assigned upon the overruling of the motion for a new trial.

At the proper time, the defendant requested the court to give all of its instructions to the jury in writing.   After the argument was concluded the court gave several instructions in writing asked for by the plaintiff; also, several written instructions requested by the defendant.

In setting forth the subsequent proceedings, the bill of exceptions recites that "the court, also, on its own motion, first stated to the jury verbally, and not in writing, that the statute defining malicious prosecutions is as follows—and then read to the jury from 2 Revised Statutes of 1876, page 465, the eighteenth section of the act entitled 'An act defining misdemeanors and prescribing punishment therefor,' approved June 14th, 1852, as amended by the act amending said section, approved March 5th, 1859."

"The court then gave to the jury the following instructions in writing," which instructions are copied at length into the bill of exceptions.

The appellant insists that the verbal statement made to the jury by the court concerning the statute defining malicious prosecutions, as above set out, was in violation of his request that all the instructions given in the cause should be in writing, and that consequently the court erred in making such verbal statement.

This verbal statement, including the reading connected with it, constituted nothing more than an oral instruction.   It had none of the peculiar attributes of an instruction in writing.   It did not put what the court communicated to the jury upon paper in such a way as to afford the defendant all the opportunities for reserving an exception to which he was entitled. It left what was said by the court in a condition which would

have required it to be afterward written down by some one in case either party had desired to bring it into the record.

It is well settled that an oral instruction can not be lawfully given when the court has been properly required to give all the instructions in writing. *Davis* v. *Foster,* 68 Ind. 238.

The motion for a new trial ought to have been sustained.

The judgment is reversed, with costs, and cause remanded for a new trial.