Filed June 8, 1893.

———◆———

No. 16,314.

SELLERS ET AL. *v.* THE CITY OF GREENCASTLE.

INSTRUCTIONS TO JURY.—*When Error to Give Oral Instruction.—Reading from Book.—Request for Written Instructions.*—Where, at the proper time, the court was requested to give its instructions to the jury in writing, and the court gave its first instruction partly in writing and partly orally, by reading to the jury a section of the statute, the action of the court, in giving part of its instruction orally, was erroneous, and will amount to reversible error, unless this court can know that the result reached by the jury and the court was correct. But in such a case the court may copy into an instruction selections from the statute or other authorities, and read them as a part of the written instructions.

From the Putnam Circuit Court.

*M. A. Moore* and *G. C. Moore,* for appellants.

*T. T. Moore,* for appellee.

HOWARD, J.—This was a proceeding on appeal from the board of county commissioners for the annexation of certain territory to the city of Greencastle.

The cause was submitted to a jury, and there was a verdict and judgment for appellee.

At the proper time the court was requested, by appellants, to give its instructions to the jury in writing, and it is claimed as error that the court of its own motion gave its first instruction partly in writing and partly orally, by reading to the jury a section of the statute.

It is provided in clause 5, section 533, R. S. 1881, that "When the argument of the cause is concluded, the court shall give general instructions to the jury, which shall be in writing, and be numbered and signed by the judge, if required by either party."

Appellee contends that it is not a violation of this statute to read to the jury from the statutes of the State, as part of an instruction, while the remainder of the instruction is written, that such reading is not oral instruction. We think that the authorities are against the position taken by appellee.

In *Bottorff* v. *Shelton*, 79 Ind. 98, the court, in giving its instructions in writing, after proper request, first stated to the jury verbally that the statute defining malicious prosecution is as follows, and then read to the jury from the statutes. This court said in that case: "This verbal statement, including the reading connected with it, constituted nothing more than an oral instruction. It had none of the peculiar attributes of an instruction in writing. It did not put what the court communicated to the jury upon paper in such a way as to afford the defendant all the opportunities for reserving an exception to which he was entitled. It left what was said by the court in a condition which would have required it to be afterward written down by some one in case either party had desired to bring it into the record."

In *Smurr* v. *State*, 88 Ind. 504, after proper request, the court gave instructions in writing, and the jury afterwards returning into court for further instructions, the court read to the jury certain sections of the statute. This court said, in deciding the question thus raised: "It matters not that such oral instruction may be a correct exposition of the law. It is a party's right to have the charge in writing, the instructions numbered and signed by the court, and, if this right is withheld, and

the verdict be against him, a new trial must be granted. *Meredith* v. *Crawford*, 34 Ind. 399; *Gray* v. *Stivers*, 38 Ind. 197; *Hardin* v. *Helton*, 50 Ind. 319; *Provines* v. *Heaston*, 67 Ind. 482; *Davis* v. *Foster*, 68 Ind. 238. Where the request to instruct in writing is made, it is not complied with by reading from the statutes of the State or from other law books. This is not reducing the charge to writing as required by the statute."

It is, of course, proper to copy into an instruction selections from the statute or other authorities, and read them as a part of the written instructions.

In *Bradway* v. *Waddell*, 95 Ind. 170, this court, in approving the rule as laid down in *Bottorff* v. *Shelton*, and *Smurr* v. *State*, cited above, that it was error to read from the statute or other book, and that all instructions, when requested at the proper time, must be written out in full and filed with the court, said: "The ruling in these cases is well sustained, not only by our own cases but everywhere else under statutes like ours. In *Hopt* v. *People*, 104 U. S. 631, the trial court indicated a place for the insertion of an extract from a book, and this was held error. * * * The like ruling was made in *People* v. *Sanford*, 43 Cal. 29." See, also, *Littell* v. *State*, 133 Ind. 577, 33 N. E. Rep. 417.

But the appellee, while admitting that an error was committed by the court, intimates that such error did no harm; that the verdict of the jury would doubtless have been the same, whether the section were read from the volume or copied by the court and read to them.

To take this view, we should be able to know that the result reached by the jury and the court was correct. This we can not know. There are numerous reasons given for a new trial, in addition to the one under consideration, but which can not be considered because the evidence is not in the record.

Neither are we able to say whether the instruction complained of did harm or not; reading the law from a book might have made a different impression upon the jury from what it would if read with the other law presented in the written instructions; besides, it should be sufficient for us to know that the statute expressly provides that instructions should be in writing if requested, and also to know that this construction of the statute has been maintained by our decisions whenever the question has been presented. Courts, even more than others, should be held to strict obedience to the law. Moreover, good reason and the plainest rights of litigants require that uniformity should prevail in the manner of presenting the law to the jury, that if the instructions are at all in writing they should be so altogether. The rule is not a technical or arbitrary one, but is one of the utmost consequence to the fair and impartial administration of justice.

The judgment is reversed, with instructions to grant a new trial.

