## Vandalia Coal Company *v.* Moore.

[No. 9,692. Filed January 31, 1919.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Complaint.—Sufficiency.—Violation of Statutory Duty.*—In a servant's action for personal injuries, a complaint alleging that the master knew that cogwheels upon a pump, operated by the injured servant, were unguarded and dangerous, and that it was practicable to have maintained a shield or guard around such cogs, showed a violation of §8029 Burns 1914, Acts 1899 p. 231, requiring dangerous machinery to be guarded, and such violation constitutes negligence *per se*. p. 316.

.. MASTER AND SERVANT.—*Injuries to Servant.—Safe Place to Work.—Delegation of Duty.*—The master cannot relieve itself of the responsibility to maintain guards about dangerous machinery, as required by §8029 Burns 1914, Acts 1899 p. 231, by delegating the duty to another, not even to the injured servant. p. 316.

3. MASTER AND SERVANT.—*Injuries to Servant.—Dangerous Machinery.—Operating Without a Guard.—Liability of Master.—Contributory Negligence.*—Where a servant continues to operate a machine upon which the cogwheels are not guarded, as required by §8029 Burns 1914, Acts 1899 p. 231, and is injured, recovery cannot be denied upon the ground that he failed to guard the cogs after the master had delegated that duty to him, but only on the ground that he is guilty of contributory negligence. p. 317.

4. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Complaint.—Sufficiency.—Proximate Cause.*—In a servant's action against the master for personal injuries resulting from improperly guarded machinery, a complaint alleging that as a result of plaintiff's feet slipping on a greasy platform "he lost his balance and his body suddenly and involuntarily swayed," causing his hand to be caught in a cogwheel not guarded, as required by §8029 Burns 1914, Acts 1899 p. 231, is not defective because showing that the proximate cause of the injury was the fact that plaintiff "lost his balance," etc., rather than the negligence of the master in not properly guarding the cogs. p. 317.

5. TRIAL.—*Instructions.—Including Pleadings.*—It is not error to embrace pleadings in instructions. p. 318.

6. TRIAL.—*Instructions.—Inferences from Evidence.*—It is not error to instruct the jury that it may draw reasonable and natural inferences from the facts proved to its satisfaction. p. 318.

7. TRIAL.—*Instruction.*—*Including Statutes.*—It is proper to copy into an instruction selections from the statutes, or other authorities, and read them as part of the written instructions. p. 318.

8. MASTER AND SERVANT.—*Injuries to Servant.*—*Action.*—*Instructions.*—*Proximate Cause.*—*Concurrent Causes.*—In an action for personal injuries, an instruction that the negligence charged as the proximate cause of the injury need not be the only cause is correct. p. 318.

9. MASTER AND SERVANT.—*Injuries to Servant.*—*Unguarded Machinery.*—*Defenses.*—*Hazard of Employment.*—In a servant's action against the master brought under the Employers' Liability Act, Acts 1911 p. 145, §8020a Burns 1914, for injuries resulting from the master's failure to guard cogs on a pump, as required by §8029 Burns 1914, Acts 1899 p. 231, it is no defense that the dangers or hazards inherent or apparent of the employment contributed to the injury, since in such a case the employe cannot be charged with contributory negligence, and does not assume the risk of his employment. p. 319.

10. APPEAL.—*Review.*—*Harmless Error.*—*Instructions.*—In a servant's action against the master resulting from improperly guarded machinery, even though an instruction was erroneous in making the negligence of the servant unconditionally the negligence of the master, such error is harmless where the uncontradicted evidence shows that the master was negligent *per se* because violating a statutory duty in not keeping dangerous machinery guarded. p. 319.

11. APPEAL. — *Review.* — *Harmless Error.* — *Instructions.* — In an action for personal injuries, an instruction erroneously stating that defendant was a corporation was harmless, since §371 Burns 1914, §365 R. S. 1881, requires no proof as to the capacity in which a party sues or is sued, unless such capacity is denied by a pleading under oath or affidavit filed therewith. p. 320.

From Vermillion Circuit Court; *Barton S. Aikman,* Judge.

Action by Frank C. Moore against the Vandalia Coal Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Davis, Bogart, Royse & Moore, H. B. Aikman* and *H. A. Foncannon,* for appellant.

*Walker & Blankenbaker, Duvall & Whitaker* and *William C. Wait,* for appellée.

NICHOLS, J.—This was an action by the appellee against the appellant for damages because of personal injuries sustained, resulting from the negligence of the appellant in whose employ the appellee was at the time of such injuries. From the judgment in favor of the appellee this appeal is taken.

The errors assigned are: "1. The trial court erred in overruling the appellant's motion to strike out parts of the complaint. 2. The trial court erred in overruling the demurrer to the complaint. 3. The trial court erred in overruling the appellant's motion for a new trial."

The first assignment is waived.

Omitting the caption and formal parts, the complaint, in substance, is as follows: The defendant was on and prior to April 22, 1914, engaged in the business of mining coal in the State of Indiana, owning and operating a mine near Seeleyville, Indiana; that at said time, and theretofore, the defendant had more than five men employed in the work in and about said mine, and in and about the place where the plaintiff was working; that the defendant maintained a number of pumps in said mine, among which was one on the fifth west entrance; and that the motor power by which said pump was at said time being operated was electricity; that the plaintiff was not a regular pumpman, but was temporarily assigned to the work of *looking after, running and regulating* said pump, and had been doing that work for only about *three weeks;* that the plaintiff was not, at said time, a machinist and was not an experienced pumpman, all of which the defendant then and there and for weeks theretofore well knew; that said pump and the machinery connected therewith was so located and

constructed as that there were, at such time, and
theretofore, two wheels with cogs, which cogs worked
in each other and turned in together and downward;
that said pump had also connected therewith a num-
ber of grease cups, one of which was near said cogs;
that, in *operating* said pump it was necessary for the
plaintiff to occasionally tighten and manipulate said
grease cups in order properly to oil said pump and
the machinery connected therewith; that in operating
said pump, and oiling the same and said machinery,
it was necessary to pass one's hand near said cogs,
namely, within four or five inches thereof, which was
so near that there was a likelihood and probability
of the hand being caught and injured by said cogs;
that said cogs were so constructed, operated and
maintained as that it was dangerous to employes
operating said pump without a shield or guard hav-
ing been placed and maintained around and about
said cogs; that a shield and safety guard could be
maintained around and about said cogs without im-
pairing the efficiency of the operation of said cogs and
pump, and it was practical to have placed and main-
tained safety guards and shields around and about
said cogs so as to have offered complete protection
to employes working about the same, and so as to
prevent the injury to the plaintiff; and the mainte-
nance of such guards and shields would not have in
any wise interfered with the operation of said cogs
and said pump; that the said defendant, at the time
of the injury, and for hours and days immediately
prior thereto, knew all of the said facts concerning
said pump, cogs and grease cups, and concerning said
cogs being unguarded, and the danger on account
thereof; that the statutory laws of the State of Indi-

ana required said defendant to have maintained safety guards around and about said cogs; that said defendant negligently and unlawfully operated and maintained said pump and cogs for hours and days before the injury to the plaintiff, without any safety guard or shield whatever, or safety appliances of any kind around said cogs. That on April 22, 1914, the plaintiff was employed by the defendant to operate and run said pump, which employment and duties thereunder required him to work around and about said cogs and to tighten down and manipulate said grease cups, for the purpose of oiling said pump and machinery connected therewith; and that he was at the time of the injury working around and about said pump in discharge of the duties, and proceeded to tighten down and manipulate one of the grease cups near said cogs; that there was a platform of boards about the pump, which was wet, slick and slimy; that it was necessary for plaintiff to step on said platform and to stand thereon when attempting to tighten down said grease cups; and that it was necessary for him to, and he did, pass his left hand near said cogs, which were rapidly revolving and working in each other; that he extended his hand forward and downward to reach the grease cup, and that while in that position, with his body inclined forward, he lost his balance, and his body suddenly and involuntarily swayed and moved, and caused his hand, which was near said cogs, to jerk and to come in contact with the cogs, whereby it was caught and injured. It became necessary to have three fingers amputated at the third joint. The complaint states the earning capacity of the plaintiff, and that as a result of his injury he will be largely incapacitated for the per-

formance of manual labor during the remainder of his life; that he suffered intense pain and agony and continues to suffer; that the injury mars his appearance, and that he incurred an expense of $78.50 in doctor bills and caring for the injury. Damages in the sum of $10,000 demanded.

The appellant demurred to the complaint because it did not state facts sufficient to constitute a cause of action against appellant. Section 9 of the Safety Act of 1899, being §8029 Burns 1914, Acts 1899 p. 231, §9, provides that: "All * * * cogs * * * shall be properly guarded, and no person shall remove or make ineffective any safeguard around or attached to any * * * machinery * * * while the same is in use, unless for the purpose of immediately making repairs thereto, and all such safeguards shall be promptly replaced." after such repairs. The complaint avers that the appellants knew that the cogs mentioned therein, and that injured the appellee, were unguarded, and that as the cogs were constructed it was dangerous to employes working around and about them without a shield or a guard; that it was practicable to maintain such guard around said cogs; that with such knowledge, appellants, for hours and days before the injury complained of, operated the said cogs without any safety appliances whatever around or about them. This was a clear violation of the statute and such a violation as constitutes negligence *per se*.

2. Appellant could not relieve itself of the responsibility to maintain such guards by delegating the duty to some one else, not even to the injured servant. This duty has by the statute been made the master's duty, that those working in

the plant may be protected, and any limitation placed upon the performance of that duty must weaken the purpose and force of the statute. If the appellee is denied the right of recovery, it cannot be, under the statute, because he has failed to perform a duty to guard the cogs, which the appellant had delegated to him. If he fails in his right of recovery, it must be because of his contributory negligence, and we cannot say, as a matter of law, under the allegations of the complaint, that the appellee was guilty of contributory negligence. *Pulse* v. *Spencer* (1915), 57 Ind. App. 566, 105 N. E. 263; *American Car, etc., Co.* v. *Adams* (1912), 178 Ind. 607, 99 N. E. 993.

Appellant contends that the complaint is defective because it positively and specifically shows that the proximate cause of the appellee's injury was the fact that "he lost his balance and his body suddenly and involuntarily swayed," citing as authority *P. H. & F. M. Roots Co.* v. *Meeker* (1905), 165 Ind. 132, 73 N. E. 253; *Crawford, etc., Co.* v. *Gose* (1908), 172 Ind. 81, 87 N. E. 711. But these cases, after being followed, distinguished, questioned and buffeted, ended their stormy career by being expressly overruled in the case of *King* v. *Inland Steel Co.* (1912), 177 Ind. 201, 96 N. E. 337, 97 N. E. 529. See, also, *Cincinnati, etc., R. Co.* v. *Armuth* (1913), 180 Ind. 673, 103 N. E. 738; *Inland Steel Co.* v. *King* (1916), 184 Ind. 294, 110 N. E. 62; *American Car, etc., Co.* v. *Wyatt* (1915), 58 Ind. App. 161, 108 N. E. 12; *Belt R., etc., Co.* v. *McClain* (1915), 58 Ind. App. 171, 106 N. E. 742.

The demurrer to the complaint was properly overruled.

Under the third assignment of error, appellant complains of each of the instructions numbered 1, 2, 3, 4, 11, 13, 14, 15, 17, 18 and 19, tendered by the appellee and given by the court.

Instruction No. 1 contains a copy of the complaint, and appellant says that this is bad practice and error. Two cases are cited on this proposition

5.    by appellant, both of which hold that it is not error to embrace pleadings in instructions. *Blair, etc., Horse Co.* v. *First Nat. Bank* (1905), 164 Ind. 77, 72 N. E. 1027; *Woodruff* v. *Hensley* (1901), 26 Ind. App. 592, 60 N. E. 312.

The second instruction is challenged because it tells the jury that it may draw reasonable and natural inferences from the facts proved to its satis-

6:    faction. The case cited by appellant is not in point, but this question is decided against the appellant's contention in the case of *Grand Trunk, etc., R. Co.* v. *Reynolds* (1911), 175 Ind. 161, 92 N. E. 733, 93 N. E. 850, and the cases there cited.

Appellant contends that instructions Nos. 3, 4 and 18 constitute reversible error because they contain the bare language of the statute. No Indiana

7.    authority is cited on this proposition, but we cite *Sellers* v. *City of Greencastle* (1893), 134 Ind. 645, 34 N. E. 534. We quote from page 647 as follows: "It is, of course, proper to copy into an instruction selections from the statute or other authorities, and read them as a part of the written instructions."

Appellant insists that instruction No. 11 is erroneous because it entitled appellee to recover, though some other cause than the negligence charged

8.    proximately caused the injury. The instruction states that the proximate cause need not

be the only cause. This is a correct statement of the law. *Lake Erie, etc., R. Co.* v. *Reed* (1914), 57 Ind. App. 65, 103 N. E. 127; *Beaning* v. *South Bend Electric Co.* (1910), 45 Ind. App. 261, 90 N. E. 786.

It is undisputed evidence in this case that the cogs that injured the appellee were, at the time of the accident and theretofore, unguarded; that it was practicable to maintain a guard around them; that the appellee's superior, who so far as the appellee was concerned represented the appellant, knew that such cogs were unguarded; and that the plaintiff was performing the labor in which he was engaged at the time he was injured, in obedience to an order or direction from the mine boss or bank boss. The defendant cannot be heard to say, after accepting the service of the appellee, as performed under such direction for three weeks, that such appellee was not under obligation to obey the order issued to him to work in the place where he was at the time of the injury.

The failure of the appellant to properly guard the cogs was a clear violation of the statute, and such being the case, under the Employer's Liability

9. Act, Acts 1911 p. 145, §8020a *et seq.* Burns 1914, the appellee was not guilty of contributory negligence; he did not assume the risk of his employment; and it was not a defense that the dangers or hazards inherent or apparent to the employment in which he was engaged contributed to his injury. These are the propositions of law that are embraced in instructions Nos. 3, 4, 13, 14, 18 and 19, all of which instructions are based upon the Employer's Liability Act, *supra,* and are correct statements of the law, as therein contained. Even if in-

10. struction No. 15 were erroneous in making the negligence of the appellee unconditionally the

negligence of the appellant, as stated in argument by the appellant, still such error is harmless for the reason that the uncontradicted evidence in this case shows that the appellant had violated the statutory duty in not keeping the cogs guarded, and in so doing it was guilty of negligence *per se.* Further, if

11. such instructions erroneously state that it had been admitted that the appellant was a corporation, still such erroneous statement would be harmless for the reason that the statute (§371 Burns 1914, §365 R. S. 1881) requires no proof as to the capacity in which the party sues or is sued, unless such capacity is denied by the pleading under oath or by affidavit filed therewith.

Having hereinbefore held that the duty to guard the cogs was a statutory duty incumbent upon the appellant, of which responsibility it could not relieve itself by delegating such duty, under such holding we conclude that appellant's instructions Nos. 13, 14 and 15 were properly refused.

We find no error in the record. Judgment affirmed.