## JACKSON *v.* STATE OF INDIANA.

[No. 26,011: Filed October 6, 1931.]

*George M. Coon,* for appellant.

*James M. Ogden,* Attorney-General, and *Robert L. Bailey,* for the State.

MARTIN, C. J.—The appellant was tried by a jury, found guilty of the crime of first degree rape and sentenced to imprisonment for a term of not less than five nor more than 21 years.

He assigns as error the overruling of his motion for a new trial, wherein the following reasons are alleged: (1) That the court erred in refusing to admit in evidence the testimony of a witness concerning a conversation had with the father of the prosecutrix regarding a money settlement with appellant; (2) that the verdict was the result of accident and surprise, etc., in that a witness who was subpoenaed failed to appear and testify because of illness—that the witness would have testified (as per his affidavit filed) that the prosecutrix told him three weeks after the alleged rape that appellant "did not harm her in any way" and "that she did not want to bring the prosecution"; (3) that the verdict was found by other than a fair expression of opinion on the part of all the jurors and was the result of a compromise, that the seven voting for acquittal of both appellant and his

co-defendant and the five voting for conviction of both defendants "compromised" by convicting appellant because he testified he had had sexual intercourse with the prosecutrix with her consent, and acquitted his co-defendant because he testified he had not had intercourse with prosecutrix. An accompanying affidavit of a juror states that he and "many other jurors were dissatisfied with the verdict rendered and worn out by reason of the many hours occupied in said trial" and believed appellant would receive a new trial if he was convicted and his co-defendant was acquitted.

Nothing appears in the record to indicate that the proffered testimony referred to in (1) above is material, pertinent or otherwise admissible.

It cannot be held that the verdict was the result of accident and surprise which ordinary prudence could not have guarded against merely because the impeaching witness referred to in (2) above failed to testify, especially in view of the fact that appellant made no attempt at the trial to secure a continuance until the attendance of the witness could be had, to take the deposition of the absent witness, or to have the court take any other action with reference to said absent witness.

The appellee points out that a counter-affidavit by the bailiff of the court was filed with the trial court which denied the facts alleged in (3) above and stated that the jury was polled and each juror answered that the verdict returned was his verdict. A juror cannot impeach his own verdict by such an affidavit as that here shown, but, regardless of its effect, the trial court weighed the evidence presented in support of this reason for the new trial, and, in the absence of a clear showing of an abuse of discretion, this court will not review such action.

Judgment affirmed.