INTERSTATE PUBLIC SERVICE COMPANY *v.* FORD.

[No. 14,429. Filed May 10, 1933.]

*Otis E. Gulley* and *E. M. Blessing,* for appellant.

*Corey & Cox* and *George S. Stewart,* for appellee.

Wood, J.—This was an action by appellee against appellant for damages, on account of bodily injuries received by appellee as the result of a collision on state highway 31, of an automobile in which appellee was riding as a passenger, with a bus operated by appellant.

The issues consisted of a complaint in two paragraphs, to which appellant filed an answer in general denial. The cause was tried by a jury, resulting in a verdict and judgment in favor of appellee. Appellant filed a motion for a new trial, which was overruled, hence this appeal. The only error assigned for reversal is the overruling of appellant's motion for a new trial. Appellant assigned twenty-one separate causes for a new trial. Those not waived for failure to discuss them in the brief and requiring our consideration are: (1) the verdict of the jury is not sustained by sufficient evidence; (2) the verdict of the jury is contrary to law; (3) error of the court in giving to the jury instruction No. 1 tendered by appellee; and (4) error of the court in giving to the jury instruction No. 6 tendered by the appellee. These will be disposed of in their order.

The evidence discloses that the appellee was riding as a passenger in an automobile driven by her brother-in-law. On the day after the accident, he was convicted in the Municipal Court of Marion County on a charge of driving an automobile while under the influence of intoxicating liquor. "The evidence (says the appellant) introduced to establish the intoxicated condition of the driver is so overwhelm-

ing, that the Appellate Court should consider the question, notwithstanding the general proposition that the higher court will not weigh conflicting evidence." Appellant has not cited any authorities in support of this assertion. The evidence submitted upon the trial of the instant case on this question was conflicting. Several witnesses who were present at the scene of the accident and had an opportunity to observe the condition of the driver of the car testified that he was not intoxicated nor under the influence of intoxicating liquor. The jury found against the appellant on this issue. There is evidence in the record sustaining its finding on all issues tendered. Under such circumstances this court will not disturb the finding. *Koplovitz* v. *Jensen* (1925), 197 Ind. 475, 151 N. E. 390.

It is contended by appellant that the verdict of the jury is a quotient verdict, and therefore contrary to law. The only support for the contention is the affidavit of two members of the jury that tried the cause. It has long been the settled rule of law in this state that the verdict of a jury cannot be impeached by the affidavit of one of the members. *Jackson* v. *State* (1931), 202 Ind. 675, 177 N. E. 839; *Varner* v. *State* (1928), 89 Ind. App. 293, 166 N. E. 292.

In instruction No. 1, given by the court at the request of the appellee, Sec. 10142.4, Burns Supp. 1929, was quoted from as follows: "It shall be unlawful for any person to drive or operate a motor vehicle on any of the public highways of this state in a reckless or dangerous manner and so as to endanger the life, limb or property of any person. For the purpose of this statute the term 'Reckless Driving' shall be construed to mean driving on that side of the highway which is to the left of the operator; driving from side to side of the highway; or in any other man-

ner that is not safe and prudent." After which the instruction continued, "So that if you find from the evidence in this case, that the driver of the bus in question, at the time and place in question, and upon meeting the automobile in which plaintiff was riding, *did drive or operate said bus in a reckless or dangerous manner, and so as to endanger the life or limb of other persons,* or that said driver drove said bus on that side of the highway which was to the left of the driver or that he drove the same from one side to the other of said highway *or in any other manner that was not safe and prudent,* at said time and place, then the court instructs you that said driver of said bus was guilty of reckless driving and if you further find that on account of such reckless driving said bus collided with the automobile in which plaintiff was riding and on account of such collision, plaintiff was thereby injured as alleged in the complaint and without negligence upon her part, then the court instructs you that the plaintiff is entitled to recover and your verdict should be for the plaintiff." (Our italics.) Complaint is made of those statements in the instruction which are italicized, for the reason that there is no general charge of negligence in either paragraph of the complaint, and they are outside the issues. This criticism is not supported by the record. The first paragraph of complaint contains a general charge of negligence. Complaint is also made that the instruction did not confine the term "reckless driving" to the definition of the statute, but left it to the jury to determine, without any standard as to what constituted reckless driving, so as to endanger the life or limb of other persons; that safety and prudence should be circumscribed by what a reasonably prudent person would do under like circumstances; that the part of the statute quoted was nothing more than a declaration of common-law negligence; that the whole

matter was left to the conjecture of the jury and was prejudicial to appellant. This criticism is without merit. It was not error for the court to quote the statute on reckless driving, *Vandalia Coal Co.* v. *Moore* (1919), 69 Ind. App. 311, 121 N. E. 685, and having done so it was proper to inform the jury, that if they found from the evidence that the appellant operated its bus in violation of the statute it was guilty of reckless driving. Furthermore, the court in its second instruction to the jury defined common-law negligence, and the respective rights and duties of persons thereunder.

Instruction No. 6 given to the jury at the request of appellee defined her rights as a passive guest in the automobile in which she was riding at the time of the injuries. Complaint is made of the instruction because it does not take into consideration the question of the intoxication of the driver of the automobile. The jury was fully instructed on this phase of the case by other instructions given by the court of its own motion.

Finding no error the judgment is affirmed.