## McCLURE *v.* MILLER.

[No. 28,791. Filed May 1, 1951. Rehearing denied June 4, 1951.]

424

*Symmes, Fleming & Symmes,* of Indianapolis, for appellant.

*Armstrong & Gause; Paul B. Hudson,* and *Erle A. Kightlinger,* all of Indianapolis, for appellee.

GILKISON, J.—Appellee brought this action in two paragraphs to recover damages for alleged personal injuries and property damage resulting from a collision between a car owned and operated by appellant and a car owned and operated by appellee on April 30, 1947.

The complaint was put at issue by answers, tried by jury resulting in a verdict for $750 for personal injuries and $500 for property damage. From a judgment on these verdicts the appeal is taken.

Each paragraph of the complaint alleges in substance that at approximately four o'clock P. M. on April 30, 1947 plaintiff was operating his 1938 Ford sedan eastwardly in the 400 block of East Forty-third Street in the City of Indianapolis, and defendant was operating a 1936 Ford coach in the same direction on that street to the rear of plaintiff's car. That then and there the defendant drove his car into and against the rear of plaintiff's car causing plaintiff to lose control thereof and causing it to run into a wooden utility pole standing north of the north curb line of the street, damaging the car as set forth.

That in so driving his car defendant was guilty of negligence as follows: He failed to keep a proper lookout for vehicles including plaintiff's car, and failed to heed the presence of that car in time to avoid the collision, although it was daylight and the view was unobstructed. That the defendant operated his car at a high and dangerous speed, to wit: 35 miles per hour, in consideration of the traffic and parked automobiles

at that point. That defendant negligently failed to apply the brakes and stop his car in time to avoid the collision when he saw, or by the use of reasonable care could have seen plaintiff's automobile. That the negligent acts of the defendant, as set out, were separately and severally the proximate cause of the collision.

Paragraph one also avers injuries to the person from the collision particularly describing such injuries, great pain, inability to work for two days, and intermittent pain ever since, permanent impairment, the expenditure of five dollars for ambulance service and eight dollars for emergency medical attention. Prayer for judgment for $3,500, costs and proper relief.

The second paragraph further avers damage to plaintiff's car from the collision, particularly describing it, avers that plaintiff was free from contributory negligence and asks judgment for $500 damages, costs and proper relief.

Appellant's motion for new trial which was overruled, gives as reasons therefor that each verdict is contrary to law, and each is not sustained by sufficient evidence. That the damages assessed are excessive. That the court erred in refusing to give each of defendant's tendered Instructions Nos. 4, 8 and 9. That the court erred in giving each of plaintiff's tendered Instructions numbered 1, 2, 4, 9, 12, 14 and 15. That the court erred in giving its own Instruction No. 13. In his brief appellant discusses only alleged errors to plaintiff's Instructions 1, 2, 4 and 12 and the court's Instruction 13, thereby waiving any claimed errors in other instructions given or refused. Rule 2-17 Cl. (f), Supreme Court. That the court erred in overruling appellant's objections to certain questions, and his motion to strike out certain evidence. That the court erred in admitting in evidence plaintiff's exhibits 1 and 2.

Appellant's claim that each verdict is contrary to law is based wholly upon the further reasons that the court erred in giving certain instructions, and that the court erred in admitting certain evidence. A determination of these two propositions necessarily will determine each claim that the verdicts are contrary to law.

The court's Instruction No. 13 is as follows:

"If you find for the plaintiff in this case, then it becomes your duty to fix the amount of damages, if any, to which he is entitled. I instruct you that in establishing his damages, if any, you should take into consideration the nature and extent of his injuries, if any, received as a result of the negligence, if any, of the defendant, whether they are permanent or not, any loss of income, if any, any physical or mental suffering, if any, to which he may have been subjected or will be subjected by reason of said injuries, if any, together with expenses, if any, to which he may have been subjected as a result of such injuries, if any, all as shown by the evidence in the case relating thereto and as alleged in the complaint, and give him such an amount in damages as will under all the evidence in the case upon that subject compensate him for his injuries, if any, and damages suffered, if any, not exceeding the amount named in the complaint."

The following objections were made to this instruction:

That "it assumes liability on part of defendant and says to assess damages recovered as a result of negligence of the defendant without mentioning contributory negligence nor in any way say that if you find for plaintiff under instructions previously given;" that damages might be assessed for permanent injury, which is a subject of expert medical testimony, and there was none in this case; the instruction is outside of the evidence; there was no loss of income proved and consequently instruction goes beyond evidence; that the instruc-

tion allows damages to be assessed for physical or mental suffering to which he will be subjected which is clearly a matter for expert medical opinion of which there was no evidence; that the instruction does not confine damages to evidence relating solely thereto, but allows and tells the jury to consider all evidence in the case.

In his complaint plaintiff avers that the injuries he received will permanently impair him. There is evidence that plaintiff was knocked unconscious, that he suffered contusions and lacerations of the right side of his head, face, shoulder and right leg. Stitches had to be taken in his chin and leg. There is evidence that plaintiff's hearing is affected, he has headaches, ears ring all the time and his right shoulder hurts when he raises the right arm. His injured leg was exhibited to the jury, and of course his scarred face must have been apparent. All these facts presented a situation of such objectivity as to enable the jury to determine the preponderance of the evidence with respect to the permanence of the injuries received without evidence from experts concerning the matter. *Cluster* v. *Upton* (1933), 165 Md. 566, 569. See also *Walker Hospital* v. *Pulley* (1920), 74 Ind. App. 659, 663, 127 N. E. 559, 128 N. E. 933.

This instruction also advised the jury that it might include in the damages assessed "any loss of income, if any." Appellant contends that this was error because there is no evidence of any loss of income. The instruction by its wording avoids the objection by using the words "if any." If no loss of income was proved under this instruction, the jury could not include such damages in its verdict. As worded the jury must have understood that it might include loss of income, only if there was some proof of such loss. See "IF," 31 C. J., p. 238.

The verdict is so modest we are persuaded that the jury did not include either "permanent injuries" or "loss of income" in its finding.

We find no error in giving the court's Instruction No. 13.

Plaintiff's requested Instruction No. 1 given, is as follows:

"I instruct you that at the time of the accident in question, there was in full force and effect a statute in the State of Indiana, which, among other things, provided:

"47-2004. Speed Regulations. (a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so restricted as may be necessary to avoid colliding with any person or vehicle or other conveyance on or near or entering the highway in compliance with legal requirements and with the duty of all persons to use due care.

"(c) Prima facie speed limits. Where no special hazards exist the following speed shall be lawful, but any speed in excess of said limits shall be prima facie evidence that the speed is not reasonable or prudent, and that it is unlawful.

"1. Twenty (20) miles per hour in any business district.

"2. Thirty (30) miles per hour in any resident district.

"I instruct you that if you find from a preponderance of the evidence that the defendant violated this statute, then the defendant was guilty of negligence *per se;* and if you further find from a preponderance of the evidence that such violation proximately caused plaintiff's injuries and damages as described in the complaint, and that the plaintiff was free from contributory negligence himself, then your verdict should be for the plaintiff."

The objection to this instruction is as follows:

"Defendant objects to said instruction for the reason that there is no evidence of speed in respect to defendant's vehicle and therefore goes beyond the evidence. It is further erroneous in that it quotes *prima facie* reasonable speeds which is not applicable if any conflict of evidence in respect to speed. It is further erroneous in that it is a preemptory instruction directing a verdict for plaintiff without embodying all essential elements necessary to sustain a verdict. Further, uses the words 'violated' and 'guilty' which carries a criminal connotation and injects criminal question into a civil matter."

This instruction presents to the jury applicable parts of the Indiana Speed Statute (Sec. 47-2004) and tells the jury, if it found by a preponderance of the evidence that appellant at the time violated this statute, he was guilty of negligence *per se* and if it should find by a preponderance of the evidence that such violation proximately caused plaintiff's injuries and damages as described in the complaint, and that plaintiff was free of contributory negligence, then the verdict should be for plaintiff. Similar instructions have been approved by our courts. *Red Cab, Inc.* v. *White* (1938), 213 Ind. 269, 274, 276, 12 N. E. 2d 356; *Sellers et al.* v. *The City of Greencastle* (1893), 134 Ind. 645, 647, 34 N. E. 534; *Livingston* v. *Rice* (1933), 96 Ind. App. 176, 181, 184 N. E. 583; *Interstate Public Service Co.* v. *Ford* (1933), 96 Ind. App. 639, 641, 185 N. E. 525; *Mattes* v. *Bruggner* (1928), 88 Ind. App. 36, 45, 159 N. E. 156; *Vandalia Coal Co.* v. *Moore* (1919), 69 Ind. App. 311, 318, 121 N. E. 685.

Under the issues joined and the evidence thereon we find no error in giving this instruction.

Plaintiff's Instruction No. 2 given is as follows:

"I instruct you that at the time of the accident in question that there was in full force and effect a statute in the State of Indiana, which, among other things, provided:

" 'Reckless driving. Any person who drives a vehicle with reckless disregard for the safety, property or rights of others shall be guilty of the offense of reckless driving, as defined in this section. . . . The offense of reckless driving, as defined in this section, may be based, depending upon circumstances, on the following enumerated acts and also on other acts which are not here enumerated but are not excluded and may be within the definition of the offense; (1) driving at such an unreasonably high rate of speed, . . . under the circumstances, as to endanger the safety or the property of others, . . . (6) driving recklessly against another person or against the car or other property of another; or driving in any other specified manner in which the driver is heedless of probably injury to the safety, the property or the rights of others.'

"I instruct you that if you find from a preponderance of the evidence that the defendant violated this statute, then the defendant was guilty of negligence *per se;* and if you further find from a preponderance of the evidence that such violation proximately caused plaintiff's injuries and damages as described in the complaint and that the plaintiff was free from contributory negligence himself, then your verdict should be for the plaintiff."

It is objected to for the reason that it "injects into a civil case a criminal offense of reckless driving." It is beyond the issues as joined and is repetitious.

Instructions similar to this have been approved by our courts. *Interstate Public Service Co.* v. *Ford* (1933), 96 Ind. App. 639, 641, 185 N. E. 525, *supra.* We find no error in giving this instruction.

Plaintiff's Instruction No. 4 given is as follows:

"One who operates an automobile upon a public highway is bound to observe the highway in front of him so as to discover other vehicles or pedestrians thereon, and avoid colliding therewith, and to keep his automobile under such control that he may readily operate or stop the same to avoid a collision and possible injury to other persons. He is bound to see what he could have seen if he had exercised due care under the circumstances and if in this case you find that the defendant could have seen the plaintiff with whom he collided in time to have so operated his automobile or to have stopped the same in time to have avoided a collision with the plaintiff by the exercise of due care and caution required by the particular circumstances, and you also find that he did so collide with the plaintiff, then he was negligent in so operating his automobile as to cause such collision, and the plaintiff was not guilty of contributory negligence, your verdict should be for the plaintiff."

The objection is that it is repetitious to plaintiff's Instructions No. 1 and No. 2 noted above; is not within the issues; that it is not applicable to the evidence; that it invades the province of the jury; that it is peremptory; that it places a higher duty on defendant than is required by law.

We do not think this instruction is repetitious to either plaintiff's Instruction No. 1 or No. 2 before noted. It is certainly within the issues and is applicable to the evidence as shown by the record. It does not invade the province of the jury. It is not peremptory and it places no greater duty on the defendant than is required by law. It expresses the duty incumbent upon every driver of an automobile upon a public highway, and requires that he use ordinary care under conditions prevailing at the time, place, and under the existing circumstances. The cases cited by

appellant, *Lauer* v. *Roberts* (1934), 99 Ind. App. 216, 219, 192 N. E. 101 and *Dilworth* v. *Wimer, Admx.* (1939), 106 Ind. App. 643, 21 N. E. 2d 423, do not condemn this instruction or any part of it. On the contrary these two decisions condemned an additional part of a similar instruction—not contained in the instruction we are considering. *Dilworth* v. *Wimer, Admx., supra.,* p. 646. Since the objectionable part is not contained in the instruction before us, the Dilworth and Lauer cases do not apply as authority here.

In the Lauer case, 99 Ind. App. 216, *supra,* after condemning the part of the instruction noted in that case the court said at page 219 "If the appellant did see, or in the exercise of reasonable care could have seen the appellee in time to avoid hitting her it was his duty to do so, and failure upon his part to thus conduct himself would render him liable for resulting injuries. *Fisher* v. *Eads* (1929), 90 Ind. App. 137, 168 N. E. 495." It thus appears that the Lauer case supports the instruction here complained of. Defendant tendered and the court gave his Instruction No. 5. Among other things it applied to plaintiff the same rules of diligence as plaintiff's Instruction No. 4 applied to defendant. We think both instructions were correct under the averments and proof in this case. We find no error in giving plaintiff's Instruction No. 4.

Plaintiff's Instruction No. 12—given—is as follows:

"Reasonable and ordinary care, both on the part of the plaintiff and of the defendant is such care as a reasonable careful and ordinary prudent person would exercise under the same and like circumstances. If you find by a preponderance of the evidence that the defendant, James W. McClure, in the operation of the automobile in question, failed to exercise such care, and that such failure, if any, was the proximate cause of the accident in question, and you further find that the

plaintiff was free from any negligence proximately contributing thereto, then and in that event, the plaintiff would be entitled to recover in this action."

The objection to this instruction is, that there is no evidence that defendant failed to exercise ordinary care; that it is a peremptory instruction directing a verdict for defendant (plaintiff) ; that it is repetitious; does not limit—that the failure to use due care must be within the allegations of the complaint or evidence produced at the trial; that it allows the jury to surmise and conjecture upon its own theories of due care.

The complaint avers that the defendant drove his car into and against the rear of plaintiff's car etc. specifying four separate acts of negligence upon defendant's part as before noted. There is evidence that appellee had started his car and traveled about 30 feet, and "shifted into second." Then he heard a horn and his car was immediately hit from the rear. Under the averments and evidence plaintiff's Instruction 12 was proper. It correctly defines reasonable and ordinary care for both plaintiff and defendant. It is neither peremptory nor repetitious. In view of all the instructions given it is not vulnerable to the objection that it does not limit the jury to a consideration of the negligence averred and proved or that it allows the jury to surmise and conjecture upon its own theories of due care. In this connection it is pertinent to observe that defendant—appellant—tendered his Instruction No. 6 which the court gave. The first paragraph of which is as follows:

"The plaintiff must recover, if he recovers at all, upon the theory of his complaint, and upon no other theory. The burden rests upon the plaintiff, before he can recover on either paragraph in

this case, to prove by a fair preponderance of the evidence that the defendant committed some act of negligence alleged in said paragraph of complaint, and that such act of negligence so charged and proven was the proximate cause of the injury complained of and the amount of his damage, if any."

In addition to this instruction, the jury was limited to the acts of negligence charged in the complaint and the evidence thereon, in plaintiff's Instruction No. 9 given and court's Instructions Nos. 9, 10, 11, 12 and 13.

Of course, the court is not required to state all the law in the case in each instruction given.

"All the instructions given . . . are to be construed with reference to each other, and the entire charge is to be taken as a whole and not in detached parts. If it is consistent with itself, and taken together states the law correctly, it is not subject to objection even if the whole of the law upon a particular head is not fully stated in one or more of the separate parts of such charge." *Indianapolis Traction, etc. Co.* v. *Howard* (1920), 190 Ind. 97, 101, 104, 128 N. E. 35, and cases cited; *Carter* v. *Aetna Life Ins. Co.* (1940), 217 Ind. 282, 288, 27 N. E. 2d 75; *Nat. Mutual Ins. Co.* v. *Bales* (1923), 81 Ind. App. 302, 308, 139 N. E. 703, 141 N. E. 481; *Standard Auto Ins. Assn.* v. *Reese* (1925), 83 Ind. App. 500, 504, 149 N. E. 137.

The court did not err in giving plaintiff's Instruction No. 12.

Appellee testified that a few moments after the collision appellant came to him and said: "I will sure try to get my company to pay you for this." The court overruled objections—that this evidence "is not an admission of anything;" and "no part of the *res gestae*." It also overruled a motion to strike the evidence out. We find no error in these rulings.

Under the circumstances we think the statement of appellant was part of the res gestae and also was an admission against interest. It was contemporaneous with the collision or so near in point of time that it must be regarded as part of the principal fact and so immediately and closely connected with it as to be practicably inseparable; and it is helpful to a clear understanding of the matter in issue. *Doe, on the Demise of Sutton* v. *Reagan et al.* (1839), 5 Blackf. 217, 218; *M. O'Connor & Co.* v. *Gillaspy* (1908), 170 Ind. 428, 434, 83 N. E. 738; *Fort Wayne, etc., Traction Co.* v. *Roudebush* (1909), 173 Ind. 57, 62, 64, 88 N. E. 676, 89 N. E. 369. There was no abuse of discretion in admitting this statement in evidence. *Kelley* v. *Dickerson* (1938), 213 Ind. 624, 638, 639, 13 N. E. 2d 535; *Western & Southern Life Ins. Co.* v. *Lottes* (1946), 116 Ind. App. 559, 574, 64 N. E. 2d 405.

We find no error in the admission of the evidence of plaintiff as to the injuries he suffered in the collision, nor the admission in evidence of the checks plaintiff gave in paying his bills at the hospitals.

Finding no error in the record, the judgment is affirmed.

Draper, J., not participating.

NOTE.—Reported in 98 N. E. 2d 498.