IDEAL-FITZGERALD BAKING CO., INC. ET AL. *v.* CHEEK.

[No. 19,944. Filed March 23, 1965. Rehearing denied April 27, 1965. Transfer denied June 21, 1965.]

318

*Thomas M. Patrick,* and *Dix, Dix, Patrick and Ratcliffe,* of Terre Haute, for appellants.

*N. George Nasser,* of Terre Haute, and *George Taylor,* of Sullivan, for appellee.

FAULCONER, C. J.—This was a civil action brought by appellee asking damages for personal injury. Trial was by jury which resulted in a verdict for appellee assessing damages at $12,000. Judgment was duly entered on the verdict. Appellants' motion for new trial specifying six grounds was timely filed and overruled. This appeal followed. Appellants assign as error the overruling of their motion for new trial.

In the argument section of their brief appellants group specifications 1, 2, 3, 4 and 6 of the motion for new trial. However, appellants only argue the specifications (3) and (4) that the damages awarded and assessed are excessive, and (6) error in the trial court's overruling of appellants' motion to strike part of appellee's complaint. Therefore, specifications 1 and 2 of the motion for new trial are waived.

It is well established in Indiana that in order to secure a reversal for excessive damages it must appear at first blush that the award was grossly excessive or outrageous, and the amount must be so large as to lead to the conclusion that it must have been the result of prejudice, passion, partiality or corruption, except where damages can be fixed with precision and it is apparent that there was error in the computation. *Midwest Oil Company, Inc.* v. *Storey* (1962), 134 Ind. App. 137, 148, 178 N. E. 2d 468 (Transfer denied); *Farm Bureau Mutual Ins. Co.* v.

*Seal, Admr.* (1962), 134 Ind. App. 269, 280, 179 N. E.
2d 760 (Transfer denied); *Indianapolis Transit, Inc.* v.
*Moorman* (1963), 134 Ind. App. 572, 578, 189 N. E.
2d 111; *Leader* v. *Bowley* (1961), 132 Ind. App. 528,
549, 178 N. E. 2d 445; *Oppenheimer et al.* v. *Craft*
(1961), 132 Ind. App. 452, 470, 175 N. E. 2d 715; *City
of Indianapolis etc.* v. *Walker et al.* (1961), 132 Ind.
App. 283, 303, 168 N. E. 2d 228 (Transfer denied).

The record before us discloses that appellee was
examined and treated by many physicians between
the date of injury and the trial of this cause.
The oral testimony or deposition of these physi-
cians was made available to the jury. Although
the evidence on the question of appellee's injuries,
their cause and extent is conflicting, there is certainly
ample evidence on this matter, in our opinion, to sup-
port the award of the jury. From this medical evidence
the jury could reasonably have determined, or in-
ferred, that the injuries of which plaintiff-appellee
complains were caused by the accident from which this
suit arose; that such injuries could be permanent;
that treatment would be necessary in the future, and
that appellee has and will continue to suffer pain,
inconvenience and hardship therefrom. A review of this
evidence certainly dispells any conclusion on our part
that the award by the jury was the result of prejudice,
passion, partiality or corruption.

In specification 6 of appellants' motion for new trial
appellants object to the trial court's overruling of
their motion to strike parts of plaintiff-appellee's com-
plaint.

The overruling of a motion to strike out parts of

a complaint is not such error as will work a reversal where it is manifest that the moving party has not been prejudiced by the ruling. *Boruff* v. *Hudson* (1894), 138 Ind. 280, 282, 37 N. E. 786; *Lindley* v. *Sink* (1940), 218 Ind. 1, 6, 30 N. E. 2d 456, 2 A.L.R. 2d 772.

Not only have appellants failed to convince us that the trial court's ruling on their motion to strike part of appellee's complaint was prejudicial to them, but they admit, in their brief, that evidence of the facts contained in that part of plaintiff-appellee's complaint which they desired stricken was introduced into the trial of this cause without objection from them.

We find no reversible error in the trial court's ruling on appellants' motion to strike out parts of appellee's complaint.

Lastly, appellants argue their fifth specification of their motion for new trial in which they claim the trial court erred in giving plaintiff-appellee's Tendered Instructions Nos. 12 and 16.

Plaintiff's (appellee) Tendered Instruction No. 16, given by the court, is as follows:

"I instruct you that a driver of a vehicle who in the exercise of reasonable care should have seen, had he looked, a pedestrian in time to avoid a collision with him, and fails so to do, may be liable for resulting injuries regardless of what part of the street in which the pedestrian happened to be."

Appellants' objection to this instruction and their contention here is that the instruction permits the jury to impose liability upon appellants without regard to any finding of contributory negligence.

Appellants have pointed out in their brief that the question of contributory negligence and appellee's duty

of care was well covered by other instructions given by the trial court. The instruction in question is not mandatory and must be considered with the other instructions as a whole. *Mortimer* v. *Daub* (1912), 52 Ind. App. 30, 37, 98 N. E. 845. When so considered, the instruction is a proper statement of the law and no error was committed by the trial court in giving it..

"It has been determined by the court numerous times that the giving or refusing to give an instruction not mandatory in form is not prejudicial, where the given instructions as a whole state the law fairly and properly instruct the jury." *Public Service Co. of Ind.* v. *Dalbey* (1949), 119 Ind. App. 405, 410, 85 N. E. 2d 368.

Appellants specifically objected to plaintiff's (appellee) Tendered Instruction No. 12, given by the court, which instruction reads as follows:

"One who operates an automobile upon a public highway is required to use ordinary care observe the highway in front or rear of him so as to discover other vehicles or pedestrians thereon, and avoid colliding therewith, and use ordinary care to keep his automobile under such control that he may readily operate or stop the same to avoid a collision and possible injury to other persons or vehicles. He is bound to see what he should have seen had he exercised due care under the circumstances, and, if, in this case, you find that the defendant should have seen the plaintiff who was standing on the curb or stepping from the curb and with whom he collided, in time to have so operated his automobile, or to have stopped the same, in time to have avoided a collision with the plaintiff by the exercise of due care and caution, required by the particular circumstances, and you also find that he did so collide with the plaintiff, and that as a proximate result thereof she was injured, then you would be justified in finding

he was negligent in so operating his automobile to cause such collision and your verdict may be for Miss Cheek, the plaintiff, provided you further find that she was free of contributory negligence."

Appellants' specific objection was that the total effect of the instruction is designed to lead the jury to believe that appellants are insurers against collision and under an absolute duty to discover appellee and to avoid colliding with her.

Appellants recognize that an instruction in substantially the same form was approved by the Supreme Court in *McClure* v. *Miller* (1951), 229 Ind. 422, 432, 98 N. E. 2d 498, but contend that the instruction is not applicable to the facts and issues of this case and is, therefore, erroneous. Appellants quote from *Pfisterer* v. *Key* (1941), 218 Ind. 521, 33 N. E. 2d 330, where the Supreme Court, in discussing the earlier case of *Lauer* v. *Roberts* (1934), 99 Ind. App. 216, 192 N. E. 101, at page 534 of 218 Ind. said:

"The duty of a driver of an automobile to discover pedestrians on the highway, and have his automobile under control so as to avoid collision with them . . . has no application to cases where a pedestrian suddenly steps out from behind another car or other obstruction into the path of an oncoming car."

There is no direct evidence in this case that appellee suddenly stepped out from behind another car or other obstruction into the path of the car driven by appellant-Dreher. We think the instruction was a correct statement of the law as applied to the issues and evidence in this case. *McClure* v. *Miller*, *supra*; *Fishman* v. *Eads* (1929), 90 Ind. App. 137, 168 N. E. 495.

Appellants further contend that the instruction invades the province of the jury by assuming the truth

of a fact which was in controversy and on which there was conflicting evidence; that the words, "plaintiff who was standing on the curb or stepping from the curb . . ." precluded the jury from considering the possibility that appellee was in the street when struck, effectually destroying the verity of appellant-Dreher's version of the accident.

This specific objection was not made to the court below prior to argument, as required by Rule 1-7 of the Rules of the Supreme Court, 1964 Edition. Thus error, if any, is not available. *Allman* v. *Malsbury* (1946), 224 Ind. 177, 186, 65 N. E. 2d 106; *Cauldwell, Inc., et al.* v. *Patterson* (1961), 133 Ind. App. 138, 158, 177 N. E. 2d 490.

Finding no reversible error, the judgment is affirmed.

Carson, Martin and Prime, JJ., concur.

NOTE.—Reported in 205 N. E. 2d 332.