## BALTIMORE & OHIO SOUTHWESTERN RAILROAD COMPANY *v.* CAVANAUGH.

[No. 4,840. Filed May 24, 1904. Rehearing denied October 4, 1904. Transfer denied March 9, 1905.]

1. MASTER AND SERVANT.—*Factory Act.—To Whom Applies.*—The factory act applies to a railroad company which maintains a repair shop used exclusively for its own repairs, and for the manufacture of materials for its exclusive use. p. 36.

2. WORDS AND PHRASES.—*"Or."—Factory Act.*—The word "or" in section eighteen of the factory act (Acts 1899, p. 231, §7087r Burns 1901) reading "where goods, wares or merchandise are manufactured *or* offered for sale" is used in its disjunctive sense and the clause means either where such goods, etc., are manufactured or where offered for sale. p. 38.

3. MASTER AND SERVANT.—*Factory Act.—Guarding Machinery.*— Failure to guard machinery, as provided by the factory act, is negligence *per se*, and guards once put on may not be removed except to make repairs.　p. 38.

4. SAME.—*Factory Act.—Dangerous Machinery.—Failure to Guard.— Contributory Negligence.*—It does not constitute contributory negligence as a matter of law for a servant to operate an unguarded machine, although such machine could properly be guarded.　p. 38.

5. SAME.—*Factory Act.—Unguarded Machinery.—Justification.*—The fact that it was necessary for the employer to make frequent changes of machinery, which, if guards had to be replaced at each time, would entail upon such employer great loss of time and money may be considered by the jury on the question as to whether it was practicable to guard the saw on which plaintiff was injured.　p. 39.

6. TRIAL. — *Instructions. — Damages. — Elements.* — An instruction, which calls the attention of the jury to all of the elements of damage in a case, and concluding that the amount should not exceed the amount named in the complaint, is correct.　p. 40.

7. MASTER AND SERVANT.—*Factory Act.—Machinery.—Duty to Guard.*—It is the duty of the employer, under the factory act, to guard dangerous machinery, and the fact that he provides the guards for the servants, without placing them, does not relieve him.　p. 43.

8. SAME.—*Factory Act.—Contributory Negligence.—Defense.*—Contributory negligence is a defense to an action for the violation of the factory act.　p. 44.

9. SAME.—*Negligence.—Degree of Care Required of Servant.*—The failure of the servant to do the best thing under the circumstances is not the test of negligence, ordinary care under the circumstances being the proper requirement.　p. 44.

10. NEW TRIAL.—*Verdict not Supported by Evidence.*—Where, in an action by a servant against his master for damages for personal injuries, the evidence shows that such servant was working at an unguarded saw used as a part of the defendant railroad company's repair shops; that it was practicable to guard such saw; that such servant was injured by said saw so that his arm had to be amputated, and that he was not guilty of contributory negligence, a verdict for plaintiff can not be set aside.　p. 44.

From Greene Circuit Court; *Orion B. Harris,* Judge.

Action by Owen Cavanaugh against the Baltimore & Ohio Southwestern Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*W. R. Gardiner, C. G. Gardiner, T. D. Slimp* and *Edward Barton,* for appellant.

*Padgett & Padgett, C. E. Davis* and *Elliott, Elliott & Littleton,* for appellee.

COMSTOCK, J.—Action for personal injury alleged to have been sustained by appellee while in the employ of appellant, by reason of failure of appellant to perform a statutory duty. The cause was tried upon the second paragraph of the complaint, to which a demurrer for want of facts had been overruled and a general denial filed. The jury returned a verdict for $6,000 in favor of the appellee, upon which the court rendered judgment.

The ruling on the demurrer to the second paragraph of the complaint is assigned and discussed as the first error. The objections made to its sufficiency seem to justify setting out its material averments at some length. They are as follows: "Paragraph 2. And the plaintiff says that on the 15th day of November, 1901, and for several months prior thereto, he was in the employ of the defendant as a carpenter; that his duties as such servant required him to work in the maintenance-of-way department of said defendant, who, on said day, was the owner and operator of a line of railroad running into and through Daviess county, Indiana; that said defendant, during all the time of plaintiff's employment, owned and operated, in connection with its said railroad, large machine and repair shops, at and near the city of Washington, in said county; that said shops consisted of many large buildings, in which were kept and operated by steam-power all necessary machinery to manufacture and repair engines, cars and other material used by the defendant in its business; that among other machinery kept, used and operated by the defendant as aforesaid was a circular saw about twenty-two inches in diameter, and which was set in a table and revolved in a groove in the top of said table, so that about eight inches of said saw extended above the top of said table, and said saw was so connected by mechanical devices with the steam-power used in said shop that when in use it revolved with

great rapidity; that said saw was used for the purpose of sawing and ripping pieces of timber used by the defendant in its said business; that, in order to use said saw and to saw therewith timber desired to be used by the defendant, it was necessary for the servants of the defendant using the same to lay the piece of timber to be sawed on top of said table, and hold the same with their hands, and guide the same against said saw, by which means the timber would be sawed into lengths and thickness desired; that it was necessary to the safe operation of said saw, and to the safety of defendant's servants so operating the same, that the top of that part of said saw extending above the top of said table should be properly protected and guarded by the use of a guard, so as to form a shield and protection thereto, and to ward off and keep the hands and arms of such employe from coming in contact with the said saw; that such guard should, for such protection, be kept and maintained around and over said saw whenever the same was in use; that whenever such saw was used in the business aforesaid, and without such guard and covering, it was dangerous to any employe using the same in the manner aforesaid, all of which defects were well known to the defendant, and which defendant negligently failed to remedy at the time and times hereinafter and heretofore stated.

"And the plaintiff further avers that his duty as such employe was to work in and about said shops, and, whenever called upon by his foreman so to do, to use said saw and saw and rip pieces of timber as aforesaid; that on the 15th day of November, 1901, plaintiff, while at work for the defendant as aforesaid, was directed by his foreman to use said saw, which was not properly guarded as aforesaid, and to rip pieces of timber into strips for the use of the defendant in its said business, and while he was so doing, and using said saw, he was at all times in the exercise of reasonable care and diligence to avoid and save himself from injury, and while thus engaged, and while holding a

piece of timber, and guiding the same against said saw, it became necessary for him to hold the same by placing his left hand in front of said saw and his right hand in the rear of the same; that, while thus holding said piece of timber, the same, suddenly and with much force, by reason of the contact with said saw, and from other causes unknown to the plaintiff, was jerked and thrown forward and upward, thereby jerking and throwing plaintiff's right arm against said saw, all of which was caused without any carelessness or negligence of the plaintiff; that by reason of his arm being so jerked and thrown against said saw the same was thereby cut, sawed and injured in such a manner that the same had to be amputated between the wrist and elbow;" that all of said injuries were caused by the negligence of the defendant in not having said saw properly guarded, and in allowing the same to be used without guards, and all without the fault of plaintiff.

This action is founded upon the act of March 2, 1899 (Acts 1899, p. 231, §9, §7087i Burns 1901, §5169k Horner 1901), entitled "An act concerning labor, and providing means for protecting the liberty, safety and health of laborers, providing for its enforcement by creating a department of inspection, and making an appropriation therefor, repealing all laws in conflict therewith."

1. The only negligence charged is the failure of appellant to have a guard on the saw with which appellee was working when he received his injuries. The first objection made to the complaint is that the factory act does not apply to persons or corporations using machinery exclusively for their own repairs and for the manufacture of materials for their own exclusive use; and as it appears from the complaint that the machine-shop of the appellant was operated in connection with its railroad for the sole purpose of its own use, the facts are not within the statute. The title of the act indicates its purpose. It is "An act concerning labor, and providing

means for protecting the liberty, safety and health of laborers." The title is broad enough to justify a wide scope in the provisions of the statute. , Section one limits the hours of labor for minors of both sexes "in any manufacturing or mercantile establishment." Section two forbids the employment of children under fourteen years of age "in any manufacturing or mercantile establishment," and imposes conditions upon which persons under sixteen years of age may be employed. Sections five and six provide for the safety of the employe in any manufacturing or mercantile establishment. Section eight makes it the duty of the owner, agent or superintendent, or other person having charge of any manufacturing establishment, to report to the State Factory Inspector, in writing, all accidents or injury done to any person on such premises, within forty-eight hours of the time of the accident. Section nine makes it the duty of the owner of any aforesaid establishment to furnish contrivances for the safety of the employes, and provides that all saws and machinery of every description therein shall be properly guarded. Section eighteen interprets the language used in the act as follows: "The words 'manufacturing or mercantile establishment' * * * means any mill, factory, workshop, store, place of trade or other establishment where goods, wares or merchandise are manufactured or offered for sale * * * and persons are employed for hire."

To manufacture is to modify or to change natural substances so that they become articles of value or use. Anderson's Law Dict., 654. The interpretation for which appellant contends is that the purpose of the legislature was to confine the operation of the statute to establishments where "goods, wares or merchandise" are manufactured for or offered to the public market, and is not in harmony with either the letter or the spirit of the statute. "The object of many of its provisions," as stated in *Monteith* v. *Kokomo, etc., Co.* (1902), 159 Ind. 149, 58 L. R. A. 944, "is to

reduce the hazards of certain employments in which machinery is used. Its effect is to impress upon certain kinds of machinery, such as saws, * * * the character of dangerous machinery, and to interdict their use by the employer unless properly guarded."

2. The use of the disjunctive "or" in "where goods, wares or merchandise are manufactured or offered for sale" means either where they are manufactured or where they are offered for sale. The averments of the complaint bring the machine-shop of the appellant within the statute.

It is further argued "that the declaration in the complaint, of the manner in which appellee was injured, shows either an impossibility or negligence on his part proximately contributing to his injury, depending upon which side of the saw-table appellee was working, and which way the saw revolved, neither of which facts is stated." We may concede that there is lacking definiteness of statement as to the situation, but not that the averments showed impossibility in the infliction of the injury in the manner described as the negligence of the appellant.

3. Instructions four, six, seven and nine, given by the court of its own motion, were excepted to. The fourth, for the reason as stated, that it told the jury that the statute required appellant to guard the saw, and the failure to do so would be negligence, and that when guards were put on they should not be removed except to make repairs.

4. The sixth, that the court confused the principle of assumed risk with that of contributory negligence; and in charging that if it was practical to guard the saw, and appellee's injuries were received because the saw was unguarded, the verdict should be for the plaintiff. This instruction rightly told the jury that if appellee continued to work for appellant, using the saw that he knew was not properly guarded, that fact alone would not make him guilty of contributory negligence, and that if so doing and while using ordinary care and prudence he was injured

wholly because the saw was not properly guarded and if it was practicable properly to guard said saw the verdict should be for the plaintiff. We find no assumption of any fact in the instruction last named. Both are warranted by the following decisions: *Monteith* v. *Kokomo, etc., Co., supra; Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607; *Island Coal Co.* v. *Swaggerty* (1903), 159 Ind. 664; *Brower* v. *Locke* (1903), 31 Ind. App. 353.

5. It is claimed that in said seventh instruction the court erred in not instructing the jury that, if the facts therein stated were found to be true, appellee could not recover. Said instruction is as follows: "If the jury finds, from a preponderance of the evidence, that the ripsaw table in the shop of the defendant, at which the plaintiff was working when he received his injuries, was in daily, and nearly constant, use, and was used for the purpose of ripping various kinds and sizes of boards and timber, and for such purposes it had fifteen saws of several different sizes, to wit, from six to eight different sizes for use on such table for such purposes, and that such saws ranged from twelve inches to twenty-eight inches in diameter, and that such saws were changed several times every day, as different pieces of board or timber of different dimensions were to be sawed, and that the work that the plaintiff and the workmen working with him were then doing with one of said saws would require not more than one-half hour of time to perform, and that the attachment and adjustment of guards to such several saws would require considerable loss of time in the use of said table, and occupy considerable time of appellant's employes, to the extraordinary inconvenience and expense of the defendant, the jury may consider these facts, together with the other facts and circumstances proved in the case, in determining whether or not it was practicable to guard the saw in use by the plaintiff at the time of his alleged injury." Appellant has no cause to complain that the court in the foregoing thus instructed the jury

as to the practicability of using the guard under the circumstances stated.

6.   The objection to the ninth instruction is that it makes the amount of damages claimed prominent in a manner to be suggestive.   It specifies the various facts which the jury have the right to take into account in fixing the amount to be awarded.   In conclusion the jury were told that they could not award more than $15,000, the demand of the complaint.   The limitation. of the award which might be made is doubtless the portion of the instruction regarded as suggestive, but, however unpleasant the contemplation of the possibility of a verdict for so large a sum might be to the defendant, it was the correct statement of a legal proposition.   The instruction contains no repetition and does not emphasize the limit of damages.

Of the instructions requested by the appellant the court refused those numbered 1, 11, 13, 14, 16, 18, 19, 20 and 21, and the appellant calls in question the ruling of the court with respect to each of them.

Said instruction numbered one was a peremptory charge to the jury to find for the defendant.

Said instruction numbered eleven charged, in substance, that it was immaterial by what name a device used in connection with the saw was designated, if it was reasonably well calculated to protect the plaintiff it was a substantial compliance with the statute.

Said instruction numbered thirteen charged the jury, in substance and effect, that the statute requiring saws, etc., to be guarded did not apply to the shops of the appellant.

Said instruction numbered fourteen charged, in substance, that the law with respect to the consequences of contributory negligence had not been annulled; and if the jury should find from a preponderance of the evidence that the plaintiff was guilty of negligence, proximately contributing to his injury, he could not recover.

Said instruction numbered sixteen is the same in the

premise as the one numbered seven, given by the court on its own motion, and concludes with direction to find for the defendant, if the facts enumerated therein are found to be true.

Said instruction numbered eighteen charged, in substance, that if the jury should find from a preponderance of the evidence, that, by reason of the size of the saw, and the character and dimensions of the timber being ripped, it was impracticable to use saw guards, for the protection of the workman, there should be a finding for the defendant.

Said instruction numbered nineteen reads as follows, to wit: "If the jury finds from a preponderance of the evidence that as many as from six to eight different sized saws were used from time to time in the sawing of different sized boards and timber on the table on which the plaintiff was working when he was injured, and that such table, with some such saws, was in daily and almost constant use, and that such saws were changed on said table several times daily; and if the jury further finds, from a preponderance of the evidence, that the defendant had provided guards, or a device of different sizes to correspond with different sized saws with which the same could be used, and had arranged said table so as to permit the attachment of such guards or devices thereto, and that such guards or devices were kept at or under said table for such use; and that if one of such guards or devices had been attached to said table the same would have prevented the injury to the plaintiff; and it was the duty of the workman using that saw-table and saws to attach such guards or devices to such table as would correspond with the particular saw in use—then the defendant would have substantially complied with the requirements of the statute respecting saw guards, so far as the same applies to this case, and your verdict should be for the defendant."

Said instruction numbered twenty reads as follows, to wit: "If the jury finds from a preponderance of the evidence that the stick of timber that the plaintiff and another

workman were ripping when the plaintiff was injured was convex on one side and concave on the other, and that the same was being ripped with the concave side thereof down next to the table, and, for that reason, when the same was ripped over one-half the way through the same vibrated or trembled or bounced, and that the plaintiff was injured while attempting to hold the same steady, and to prevent the same from vibrating or trembling or bouncing; and if said stick of timber had been started into the said saw and ripped with the convex side down next to the table the same would not have vibrated or trembled or bounced; and that the plaintiff started the said stick of timber to the saw himself—then he can not recover in this case, and your verdict should be for the defendant."

Said instruction numbered twenty-one reads as follows, to wit: "If the jury finds from a preponderance of the evidence that when the stick of timber that the plaintiff and another workman were engaged in ripping with a ripsaw was ripped over one-half way through it began to vibrate or tremble or bounce, and that the plaintiff took hold of said stick at the end behind the saw that had been sawed, when the same 'kicked back,' and thereby his hand or arm was brought in contact with the saw, and his injuries were thus sustained; and if the jury further finds that if the plaintiff had changed ends with the stick of timber being sawed when the same began to vibrate or tremble or bounce, and completed the ripping thereof from the other end, he would not have sustained his said injuries—then your verdict should be for the defendant."

Said first instruction took from the jury the right to pass upon all the questions of fact arising on the evidence, and was correctly refused. There was no reversible error in refusing to give instruction numbered eleven, because it was covered by instruction numbered twelve, given at the request of appellant. From what we have said as to the suffi-

ciency of the complaint, in reference to the application of the statute to appellant's factory, it follows that there was no error in refusing to give the thirteenth instruction.

The fourteenth instruction is substantially covered by instruction numbered five, given by the court of its own motion, and instruction numbered fifteen, given at the request of the appellant.

The court in instruction numbered seven, of its own motion, directed the jury to determine from the facts, substantially as stated in said instruction numbered sixteen, whether or not it was practicable to guard the machine in question, to which in said instruction refused the jury were told the statute did not apply.

The jury were told in instructions numbered six, seven and seventeen, given at the request of appellant, that the law applied only to cases where the use of guards was practicable, and that if the preponderance of the evidence showed that the conditions and circumstances under which appellee was injured rendered it impracticable to use guards on saws of the character and size of the one in question, the appellee could not recover. Appellant was not therefore harmed by this action of the court. Instruction numbered eighteen, requested and refused, was also substantially embraced in other instructions given.

The statute provides that all "saws * * * shall be properly guarded, and no person shall remove or make ineffective any safeguard around or attached to any planer, saw, belting, shafting or other machinery, * * * while the same is in use, unless for the purpose of immediately making repairs thereto, and all such safeguards shall be promptly replaced." §7087i Burns 1901, §5169k Horner 1901, Acts 1899, p. 231, §9.

7. The statute makes it the duty of the employer, and not the employe, properly to guard machinery. *Blanchard-Hamilton Furniture Co.* v. *Colvin* (1904), 32 Ind. App.

398. Whether appellant did so was a question of fact to be determined by the jury, and so it was not error to refuse said nineteenth instruction.

8. Within the provisions of the act upon which this action is founded, contributory negligence is still a defense. *Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607; *Buehner Chair Co.* v. *Feulner* (1902), 28 Ind. App. 479. The instruction, however, is not addressed to the question of contributory negligence.

9. Said instructions numbered twenty and twenty-one are open to the objection that they, in effect, hold appellee's failure to use the best judgment, and to do the best thing that, under the circumstances, could have been done, to be negligence. They fix too high a standard of diligence. The rule requires one to act as an ordinarily prudent man similarly situated. *Turner* v. *Buchanan* (1882), 82 Ind. 147-151, 42 Am. Rep. 485; 20 Am. and Eng. Ency. Law (2d ed.), 146; *Hawkins* v. *Johnson* (1886), 105 Ind. 29, 55 Am. Rep. 169. The instructions in their entirety fairly presented the questions at issue.

10. It is ably argued that the verdict is not supported by sufficient evidence. The undisputed evidence establishes the following facts: That appellant is a corporation organized under the laws of this State, and owns and operates a line of railroad running into and through Daviess county in this State; that, in connection with its railroad, it owns and operates large machine-shops, located near Washington, Indiana, which shops are equipped with machinery of many kinds, among which are circular saws so connected by mechanical devices with steam and electrical power that while in operation they revolve at a high rate of speed; that appellant in its shops repairs its engines, cars and rolling stock, and also manufactures material for the construction of its depots, bridges, culverts and other structures; that it employs from 300 to 400 men to work in its said shops; that appellee was injured while in the line of his duty as an

employe of the appellant, as a carpenter in said shops, by his arm coming in contact with one of appellant's table rip-saws.

Whether it was practicable or not properly to guard the saw in question, whether appellant had properly guarded the saw, and whether appellee was guilty of contributory negligence, were all questions of fact which were fairly sub-mitted to the jury, and determined adversely to appellant. We can not say that the verdict was without support, and can not therefore disturb the judgment for lack of sufficient evidence.

Counsel for appellee argue at considerable length that neither the evidence nor the instructions is in the record, and that no question based thereon is presented. We have not considered the point, but for the determination of the cause treated them as in the record.

We find no error for which the judgment should be re-versed. Judgment affirmed.

Wiley, J.—I concur in result.