BARTLEBAUGH, Plaintiff-Appellee, v PENNSYLVANIA RY. CO., Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 4095.   Decided February 3, 1948.

Herbert & Dombey, Columbus, for plaintiff-appellee.

Burr, Porter, Stanley & Treffinger, Mr. Treffinger of Counsel, Columbus, for defendant-appellant.

## OPINION

By WISEMAN, PJ.

This is an appeal on law from the Common Pleas Court, Franklin County, Ohio, from a judgment entered on a verdict of the jury in favor of the plaintiff in the amount of $225,000.00 for personal injuries suffered by the plaintiff while employed as a brakeman by the defendant company.

The plaintiff, Earl D. Bartlebaugh, in his amended petition alleged that on January 31, 1946, he was employed as a brakeman by the Pennsylvania Railroad Company, the defendant

herein; that said defendant was a common carrier engaged in interstate commerce; that the defendant maintained in the City of Columbus a certain railroad yard for storing. cars, making up and assembling trains; that on the date in question the plaintiff, acting as a brakeman, was engaged in assembling cars into trains and was required to ride a moving box car into the yard and upon the track on which they were being assembled; that the box car on which he was riding was equipped with a hand-brake, manually operated for the purpose of controlling its speed; that because of the defective condition of the brake which failed to function, plaintiff was unable to stop the car or control its speed and that by reason thereof it became necessary to abandon the car; that in descending by means of handrails located on the side of the car and while in the process of so doing and because of the swaying of the car due to the defective condition of the track, and because of inadequate clearance between the track on which the car was moving and the adjacent track, plaintiff was struck by a car standing on the adjacent track and knocked from the side of the car and hurled to the ground and under the wheels of the moving car with the result that he lost both legs, each being amputated above the knee, the one leaving a stump of four inches, and the other, of eight inches from the body.

Plaintiff further alleged that the direct and proximate cause of his injuries was the negligence, carelessness and unlawful conduct of the defendant (1) in causing and permitting its tracks, ties, rivets, rails, spikes and roadbed to be and remain in a dangerous and defective condition of which the defendant had knowledge; (2) in causing and permitting its box car to be used in interstate commerce with antiquated and inefficient brakes and appliances; (3) in causing and permitting the said hand-brake to be and remain in a defective and worn-out condition; (4) in reducing the clearance between the tracks making it dangerous for plaintiff to climb up and down cars as it was his duty to do. Plaintiff alleged that he suffered total and permanent disability which will prevent him from carrying on any gainful occupation to his damage in the sum of $350,000.00  The defendant in its answer set up three defenses: a general denial, plea of contributory negligence and assumption of the risk, the latter defense not being pressed.

The defendant-appellant in its first assignment of error claims the Court erred in admitting evidence offered by the appellee and in rejecting evidence offered by the appellant.

The second error assigned is that the damages awarded the plaintiff are grossly excessive, appearing to have been given under the influence of sympathy, emotion, passion or prejudice; the amount of the damages is not sustained by the evidence and is contrary to law and the judgment should be modified or reversed. The first and second assignments of error will be considered together.

This action is controlled by the Federal Employers' Liability Act (U. S. C. A. Title 45, Section 51, et seq.); **Jones v The Erie Railroad Co. 106 Oh St 408.**

The measure of damages as to loss or impairment of future earnings under the Federal Employers' Liability Act is the present worth of the loss or impairment which the evidence shows with reasonable certainty will result from the injury, calculated at the highest net rate of interest at which money can be safely invested as shown by the evidence. Gulf, Colorado & Santa Fe Railway Company v Moser, Administratrix, 275 U. S. 133, 72 L. Ed. 200; Louisville & Nashville Railroad Company v Holloway, Administrator of Holloway, 246 U. S. 525; 62 L. Ed. 867; Chesapeake & Ohio Railway Company v Kelly, Administratrix of Kelly, 241 U. S. 485, 60 L. Ed. 1117.

The plaintiff for the purpose of proving the present worth of his loss or impairment of future earnings offered evidence, over defendant's objection, of the cost of a refund annuity, i. e., the premium which a life insurance company would charge for a specified monthly income during plaintiff's life expectancy. A refund annuity as distinguished from a straight or simple annuity is one where the insurance company agrees to pay an income for the life of the annuitant for which the purchaser pays a single premium; if the annuitant dies before the entire principal plus interest has been paid out in the form of income, then the unused part of the principal is refunded to a designated beneficiary. Under a straight annuity contract the payments terminate upon the death of the annuitant. In both instances the amount of the premium paid is calculated on the expectancy of life of the annuitant and the amount of the annuity to be paid. The testimony objected to was given by David B. Westwater who testified that he was a chartered life underwriter for over fifteen years specializing in annuities and pensions; that the plaintiff who was twenty-three years of age on the date of trial had a life expectancy of 44.77 years according to the Insurance Commissioners' Standard Ordinary Mortality Table; that the cost of an annuity giving the annuitant the sum of $250.00 a month for a life expectancy of 44.77 years was $101,196.00; for $300.00 a

month, $121,435.20; for $325.00 a month, $131,554.80, and for $350.00 a month, $141,674.40. These figures were based on a rate book used by various leading insurance companies. The evidence shows that annuities are based on investments which yield a return of approximately two and one-half per cent. The admissibility of such evidence must be tested by the application of the measure of damages. Several different factors must be considered: First, the life expectancy of the plaintiff, second, the loss or impairment of future earning capacity. The jury is required to consider all the evidence relative to the nature of the injury, whether the plaintiff is permanently and totally disabled; what earning power the plaintiff may still have, if any as a result of the injury. In determining the loss or impairment of future earnings the jury may consider the earnings of the plaintiff at the time of the injury, but the jury is not bound to accept such earnings as conclusive of his future earning power. A person may not be gainfully employed at the time of an injury but, nevertheless, may recover substantial damages by reason of loss of future earning power. It is the impairment of the earning power for which an injured person is to be compensated. 15 Am. Jur. 502; Restatement of Law of Torts, Vol. IV, p. 551; Delaney v New York Cent. R. Co. 68 F. Supp. 70 O' Connel v City of Davenport, 145 N. W. 519 (S. C. Iowa). Thus the jury should consider the age of the plaintiff, his record of employment and his earnings, his character, intelligence and ability to work, whether his record and the type of work in which he is engaged offers an opportunity for advancement and a future increase in his earning power. Consequently, while the evidence when construed most favorably to the plaintiff shows that prior to the accident he had earned a maximum of approximately $250.00 a month, evidence as to the cost of an annuity which would yield an income of $300.00 or $350.00 a month was admissible, in determining prospective damages. 15 Amer. Jur. 436; Restatement of the Law of Torts, Vol. IV, pp. 583, 584, 634, 635. Third, the jury must consider the highest net rate of interest at which money can be safely invested as shown by the evidence. The record shows that the plaintiff and the defendant presented evidence on many different forms of investment such as real estate, Building and Loan deposits, United States Government bonds yielding an income at rates varying from one and one-fourth to six per cent; and annuities based on different mortality tables under which the annuitant would receive an income from $160.00 to $350.00 a month. From this evidence it was the duty of the jury to

determine the highest net rate of interest at which money can be safely invested and based on such rate of interest, to determine the ultimate fact, i. e. the present worth of the impairment of future earnings which the evidence shows with reasonable certainty the plaintiff will suffer as the result of the injury. Since many factors are involved which must be considered by the jury in arriving at the present worth of the impairment of future earnings, we are of the opinion that evidence as to the cost of annuities, whether straight or refund annuities, is admissible; such evidence is not conclusive but introduced to assist the jury in determining the ultimate fact.

We find no case in Ohio in which this precise question has been determined, but there are many authorities which hold that in case of total disability it is fair to take into consideration the present value of an annuity equal to the probable earning capacity of the plaintiff, and that the amount required to purchase an annuity may be shown where the injuries are permanent. 15 Amer. Jur. 505, 506; Vicksburg and Meridian Railroad Company v Putnam, 118 U. S. 545; Reynolds v Narragansett Electric Lighting Co. 59 Atl. 393, (S. C. R. I.); Secord v John Schroeder Lumber Co., 150 N. W. 971 (S. C. Wis.); Gilman v C. W. Dart Hardware Co., 111 Pac. 550 (S. C. Mont.); Borland v Pacific Meat & Packing Co., et al., 279 Pac. 94 (S. C. Wash.); McNair v Berger, 15 P. (2d) 834 (S. C. Mont.); Ward v Dampskibsselskabet Kjoebenhaven, 144 F. 524; Copson v New York, M. H. & H. R. Co., 50 N. E. 613 (S. J. C. Mass.); Southern Pac. Co. v Klinge, 65 F. (2d) 85 (C. C. A. 1933); Jones v Atlantic Refining Co. 55 F. Supp. 17 (1944). In Baltimore & O. R. Co. v Henthorne, 73 F. 634 (C. C. A. Ohio) Judge Taft, at page 641 stated:

"There remains to consider only the objection to the charge with respect to the measure of damages. The charge of the Court, as we interpret it, directed the jury to consider as one element of damage the loss of the plaintiff in his earning capacity by reason of his bodily injuries, and to reach the loss of his earning capacity by estimating as near as they could his probable yearly earnings during his entire life, and to give to him a sum which would purchase him a life annuity equal to the difference between the amount which he would have earned each year if he had not been injured and that which he could earn each year in his injured condition. We see no objection to this measure; indeed, we think it technically accurate."

As we view it, there is no error in the record respecting the admission or exclusion of evidence.

Is the award of damages excessive? The appellant contends that the damages awarded are grossly excessive appearing to have been given under the influence of sympathy, emotion, passion or prejudice; the amount of the damages is not sustained by the evidence and is contrary to law. We have under consideration a general verdict without interrogatories. We are not informed as to how the jury arrived at the total award of damages. Even if the Court should be of the opinion that on the evidence adduced a lesser amount would have been proper, nevertheless the Court cannot substitute its judgment for that of the jury. 30 O. Jur. pp. 124, 127; Delaney v New York Central, supra. Before the Court can find the damages awarded to be excessive, it must appear that the award is so excessive as to manifestly show the jury was actuated by passion, partiality, prejudice or corruption. The damages must be flagrantly outrageous and extravagant, otherwise the Court may not disturb the verdict. 30 O. Jur. Section 79, p. 122; Jones v Atlantic Refining Co., supra.

In arriving at its verdict it was the duty of the jury to consider several elements of damage which the plaintiff suffered: First, the plaintiff's earning power. It cannot be assumed that his earning power would not increase in future years. On the evidence adduced the jury had a right to, and probably did, find that the earning power of the plaintiff would increase. Second, for pain and suffering. The plaintiff had at least two operations on his legs which caused him to be hospitalized for a period of several months. The testimony is that he suffered great pain several months succeeding the injury and still suffers some pain and may continue to suffer pain during his entire lifetime. Third, future surgical operations. The evidence shows that thus far he has been unable to use artificial limbs due to the condition of the nerves in the stumps of his legs and that surgery on the nerves will be necessary to alleviate this condition; that the stumps of his legs must be reshaped in order to be refitted with artificial limbs. There is medical testimony to the effect that because of the length of the stumps he may never be able to use artificial limbs. According to medical testimony, at least two and perhaps three painful, expensive, surgical operations will be required with uncertain results. Fourth, that in all probability he will always be in need of the services of an attendant. Fifth, loss of earnings from the date of injury to the date of trial. Sixth, and it has been held in Chesapeake &

Ohio R. Co. v Kelly, 241 U. S. 485, 60 L. Ed. 1117, that adequate allowance should be made "for the earning power of money" which refers to the interest rate at which the principal sum may be discounted. The interest rate has heretofore been discussed.

There is no fixed standard by which to measure the damages for pain and suffering, mental anguish or shock to the nervous system or humiliation. Such matters rest in the sound judgment of the jury. The Court gave complete and proper instructions to the jury on all these elements of damage. It must be presumed that the jury followed the instructions of the Court. If the jury, in giving the evidence presented on behalf of the plaintiff a construction most favorable to him, which it had a right to do, under the instructions of the Court, could have arrived at the verdict in the amount awarded, and if there is substantial evidence to sustain the verdict, it will not be disturbed. Jones v Atlantic Refining Co., supra.

Where the jury in arriving at the amount of the verdict could not be said to have disregarded the Court's instructions, even though the Court might disagree with respect to the amount awarded, the Court cannot disturb the verdict on the ground that it is excessive. Delaney v New York Central, supra. Verdicts in similar cases are not controlling in determining whether the verdict under consideration is excessive and, therefore, no comparisons will be made. The amount of damages awarded is not so excessive as to show that the jury was actuated by sympathy, emotion, passion or prejudice. The amount awarded is sustained by sufficient evidence and is not contrary to law.

We find no error committed by the trial court in overruling appellant's motion to strike certain allegations of negligence from the petition made at the conclusion of the plaintiff's case and renewed at the conclusion of all the evidence. We are of the opinion the trial court properly found that there was sufficient evidence in the record to warrant a submission of such issues to the jury.

We do not find that counsel for plaintiff in his argument to the jury was guilty of such gross misconduct which required the Court to declare a mistrial. A rather wide latitude is allowed counsel in argument subject to the supervision and control of the trial judge who is required to exercise discretion in such matters. Unless the discretion is abused the action of the trial court in respect thereto is not subject to review. 39 O. Jur. Section 116, p. 696. Counsel for plaintiff in his argument to the jury may have exceeded the bounds

of propriety, but we do not find the remarks of counsel to be so highly prejudicial as to call for a mistrial. The record does not show an objection at the time the remark was made and no request was made of the Court to instruct the jury to disregard it. **Walsh v Thomas' Sons, 91 Oh St 210, 218.**

The appellant claims the Court erred in its charge to the jury; that the judgment is contrary to the manifest weight of the evidence and is contrary to law. We have carefully considered the entire record. This case was thoroughly and ably tried by competent counsel. The trial judge exercised the utmost care to keep the record free from error. His rulings were at all times fair and according to the law applicable thereto. We find no error either in the special instructions or in the general charge. There was sufficient evidence adduced to support the verdict. On the record we cannot find the verdict to be against the manifest weight of the evidence or contrary to law.

Judgment affirmed.

MILLER and HORNBECK, JJ, concur.