SOUTHERN INDIANA GAS AND ELECTRIC COMPANY ET AL. *v.* BONE.

[No. 19,416. Filed February 26, 1962. Rehearing denied March 28, 1962. Transfer denied with dissenting opinion, reported in 195 N. E. 2d 488, January 23, 1964.]

*Bamberger, Foreman, Oswald & Hahn* and *Fred P. Bamberger*, of Evansville, for appellants.

*Johnson & Carroll*, of Evansville, for appellee.

PFAFF, J.—Appellee brought this action against appellants to recover damages for personal injuries allegedly sustained by appellee as a result of a collision between the truck in which she was riding as a guest and a truck owned by appellant, Southern Indiana Gas and Electric Company, operated by its agent, appellant Arthur V. Price.

Appellee's complaint, as amended, alleged that she was riding as a non-paying passenger in a 1956 G.M.C. pickup one-half ton truck owned and operated by her husband, Lemuel Bone, who was driving west on Indiana State Highway No. 62, approximately one and one-quarter miles west of the city limits of Evansville; that at the same time and place the appellant, Arthur V. Price, was operating a Southern Indiana Gas and Electric Company truck as an agent for said company and, while within the scope of his employment, in the same direction in which the truck, in which appellee was a passenger, was proceeding and immediately to the rear thereof; that the appellant, Arthur V. Price, approaching the truck, in which appellee was a passenger, at a rate of speed greater than appellee's speed struck the rear of the truck. The complaint, as amended, alleges that the appellant, Arthur V. Price, was guilty of certain acts of negligence in failing to look in the direction in which he was proceeding; in failing to observe the vehicle in which appellee was riding; in failing

to apply his brakes in sufficient time to avoid striking the vehicle in which appellee was riding; in following the vehicle too closely; and in failing to turn the truck which he was operating either to the right or to the left to avoid striking appellee. As a result thereof, said appellee suffered serious permanent injuries to her damage in the sum of $50,000.00.

The appellants filed their answer expressly denying the charges of negligence contained in the complaint and the facts alleged with respect thereto. The cause was tried to a jury and appellee was awarded damages in the sum of $14,500.00. Appellants timely filed their motion for a new trial which motion was overruled by the trial court. The error assigned here is the overruling of the motion for a new trial.

Appellants' motion for a new trial presents many varied and alleged erroneous rulings of the trial court and sets out eighty-five specifications of alleged error, taking up in excess of thirty pages of single spaced type in their brief. However, they have waived most of them by failing to discuss them in the argument portion of their brief. We proceed to a consideration of those specifications properly presented here.

Appellants first contend, in their specification No. 73, that the trial court erred in giving appellee's tendered instruction No. 3. (This instruction will be hereinafter set out in full). Appellants further contend that this is a mandatory instruction which imposes the obligation on the part of one who operates a motor vehicle on a public highway to observe the highway in front of him so as to discover other vehicles thereon and avoid colliding therewith and to keep his vehicle under such control that he may readily operate or stop the same to avoid a collision and possible injury to other persons.

It is further contended that it is not the law in Indiana that a person is bound to see what he could have seen if he had exercised due care under the circumstances, unless a reasonably careful and prudent person under the circumstances could have seen or observed the truck in which the appellee was a passenger.

It is then contended this instruction was erroneous for the reason that no issue was presented with respect to the failure of appellant, Arthur V. Price, to keep his vehicle under control and, therefore, such instruction is outside the issues presented by the complaint, and the giving thereof is error as a matter of law. It is then charged that this instruction is mandatory in authorizing the jury to find that the appellant, Arthur V. Price, was guilty of actionable negligence, and that appellee should be entitled to recover without informing the jury that such negligence must be the proximate cause of the collision.

Appellee contends, and we agree, that her instruction No. 3 is an exact duplicate almost word for word of the instruction in the case of *McClure* v. *Miller* (1951), 229 Ind. 422, 98 N. E. 2d 498, at page 432. We set these instructions out side by side as follows:

### APPELLEE'S INSTRUCTION

"The Court instructs you that one who operates a motor vehicle upon a public highway is bound to observe the highway in front of him so as to discover other vehicles thereon, and avoid colliding therewith, and to keep his vehicle under such control that he may readily operate or stop the same to avoid a collision and possible injury to other persons. He is bound to see what he could have seen if he had exercised due care under the circumstances, and if in this case you find that the defendant Arthur V. Price could have seen the truck in which plaintiff was a passenger in time to have so operated his truck or stopped the same in time to have avoided a collision with the truck in

which plaintiff was a passenger, by the exercise of due care and caution required by the particular circumstances, and if you also find that the defendant Arthur V. Price did so collide with the truck in which plaintiff was a passenger, you may find the defendant Arthur V. Price was negligent in so operating his motor vehicle as to cause such collision, and if the plaintiff Charlotte Bone is not guilty of contributory negligence, your verdict should be for the plaintiff, providing that the negligent acts of Arthur V. Price, if you find he was negligent, was the proximate cause of the accident."

## McCLURE INSTRUCTION

"One who operates an automobile upon a public highway is bound to observe the highway in front of him so as to discover other vehicles or pedestrians thereon, and avoid colliding therewith, and to keep his automobile under such control that he may readily operate or stop the same to avoid a collision and possible injury to other persons. He is bound to see what he could have seen if he had exercised due care under the circumstances and if in this case you find that the defendant could have seen the plaintiff with whom he collided in time to have so operated his automobile or to have stopped the same in time to have avoided a collision with the plaintiff by the exercise of due care and caution required by the particular circumstances, and you also find that he did so collide with the plaintiff, then he was negligent in so operating his automobile as to cause such collision, and the plaintiff was not guilty of contributory negligence, your verdict should be for the plaintiff."

The allegations of negligence in the McClure case did not contain a general allegation of a failure to keep the automobile under control, and the Supreme Court held such an instruction was within the issues and the evidence. We are of the opinion that the decision is not only a binding precedent on this court on this question but that it is a correct and just statement of the law applicable to the

question here considered. We do not believe it would serve any good purpose to prolong this opinion by an analysis of inapplicable authorities cited by appellants in support of their contention. The trial court did not err in giving appellee's instruction No. 3.

Appellants next contend that the trial court erred in giving appellee's tendered instruction No. 1. This instruction reads as follows:

> "You are instructed that in determining whether or not the plaintiff Charlotte Bone was guilty of contributory negligence, you shall consider her own acts and conduct, and all the other circumstances surrounding the accident and injury, if any, to the plaintiff. And if you shall find from a preponderance of the evidence in this cause that the plaintiff Charlotte Bone acted as a person of ordinary prudence under all the circumstances, you should find her free from contributory negligence, even though you may find that her husband was guilty of negligence in the operation of his truck. In other words, the negligence, if any, of the husband in the driving and management of said truck can not be imputed to the plaintiff Charlotte Bone if you find that she herself was free from any fault or negligence and was merely the passive guest of her husband without any authority to direct or control the operation of said vehicle."

They contend that the question of whether or not the appellee, Charlotte Bone, was guilty of contributory negligence is to be determined by the acts or conduct of a reasonably careful and prudent person acting under the same or similar circumstances. They also assert that this instruction is erroneous because it informs the jury that, if appellee was free from negligence, the negligence, if any, of her husband would not be imputed to her. Finally, they say it is erroneous because if the evidence discloses the negligence of the husband was imputable to her, the fact that she was

free from fault or negligence would not avoid the effects or prevent such negligence of the husband from being imputed to her.

Appellants had the burden of proving the defense of contributory negligence. In their argument on this question there is no reference to any evidence in the record from which it could be found, or reasonably inferred, that appellee had any right to or did in any way control the operation of this vehicle in which she was riding.

The trial court gave appellants' instruction No. 9 which reads as follows:

> "I instruct you that a person who is a passenger in an automobile has a duty to use that degree of care that an ordinarily prudent person, in like circumstances, would use under the same or similar conditions. Therefore, if you find by a preponderance of the evidence that the plaintiff, Charlotte Bone, failed to exercise that degree of care that an ordinarily prudent person, in like circumstances would have exercised under the same or similar conditions and if you find that failure on her part proximately contributed to her own injuries, then I instruct you that the plaintiff, Charlotte Bone, cannot recover in this case and it will be your duty to return a verdict for the defendants."

This instruction covers the very points raised by appellants. It is clear that all of the instructions are to be construed together, and that each instruction need not contain all of the law on the subject. *Thanos* v. *Fox* (1958), 128 Ind. App. 416, 427, 149 N. E. 2d 315; *McClure* v. *Miller, supra*. A reading of both instructions makes it clear that appellants' objection is groundless.

Appellants then group for argument, pursuant to Rule 2-17e of the Supreme Court, specifications 79, 80

and 81 of its motion for a new trial which charge the court erred in refusing to give their tendered instructions Nos. 14, 16 and 18. These instructions are as follows:

### "INSTRUCTION NO. 14 (Refused)

"I instruct you that under the law of the State of Indiana the driver of a motor vehicle is prohibited from following another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the condition of the highway.

"Therefore, if you find by a preponderance of the evidence that at the time and place in question Lemuel Bone was driving behind and following the vehicle operated by James L. Price more closely than was reasonable and prudent having due regard for the speed of such vehicle, and the condition of the highway and that such action on the part of Lemuel Bone was the sole proximate cause of the accident, injuries and damages complained of by the plaintiff, then I instruct you that the plaintiff Charlotte Bone cannot recover in this action and it would be your duty to return a verdict for the defendants.

### "INSTRUCTION NO. 16 (Refused)

"You are instructed that the operator of a motor vehicle upon the highways of the State of Indiana are prohibited from driving a motor vehicle at such a slow speed as to impede or block the normal or reasonable movement of traffic.

"Therefore, if you find by a preponderance of the evidence that at the time and place in question James L. Price was driving his motor vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic and that such conduct on the part of the said James L. Price was the sole proximate cause of the accident, injuries and damages complained of by the plaintiff, then I instruct you that the plaintiff cannot recover from the defendants and your verdict should be for the defendants Southern Indiana Gas and Electric Company and Arthur V. Price.

"INSTRUCTION NO. 18 (Refused)

"If you find by a preponderance of the evidence that James L. Price was operating his motor vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic at the time and place in question and you further find that Lemuel Bone upon approaching the vehicle operated by the said James L. Price stopped or suddenly decreased the speed of the motor vehicle he was operating when such movement could not be made with reasonable safety and that he failed to give an appropriate signal to the defendant Arthur V. Price, and you find that such conduct upon the part of the said James L. Price and Lemuel Bone concurred to cause the accident in question and that such conduct on their part was the sole proximate cause of concurring causes of said accident, injuries and damages complained of by the plaintiff, then I instruct you that the plaintiff, Charlotte Bone, cannot recover in this cause and it will be your duty to return a verdict in favor of the defendants, Southern Indiana Gas and Electric Company and Arthur V. Price."

We are of the opinion that appellants were not harmed by the court's refusal to give these instructions.

We are further of the opinion that the theory of their defense was adequately and properly covered in other instructions tendered by them and given by the court. This is particularly true of their instructions Nos. 6, 11, 12 and 19. Appellants contend the court erred in giving appellee's instruction No. 6, which is as follows:

"If you find from a fair preponderance of the evidence, and under the instructions of the Court, that the plaintiff Charlotte Bone is entitled to recover, then you should determine the amount of damage she has sustained, if any, from the evidence pertaining to such damages. In doing so, you may take into consideration the nature and extent of her injuries, if any, which she has sus-

tained as a proximate result of the negligence alleged in the complaint and established by a fair preponderance of the evidence; whether such injuries are temporary or permanent; her suffering in body, if any, which she has endured or may endure in the future if she is not yet cured, resulting from such physical injuries, if any, and any loss of time, if any, and loss of wages, if any. From a consideration of the elements herein enumerated, you may assess her damages at such a sum as will be fair compensation to her, as shown by a fair preponderance of the evidence, not to exceed the sum of $50,000, the amount prayed for in the complaint."

The basis of their objection is that this instruction repeats and re-emphasizes the prayer for damages because the court, in its preliminary instruction had already mentioned the prayer for damages in the sum of $50,000.00. There is no merit to this contention. In *Baltimore, etc., R. Co.* v. *Cavanaugh* (1905), 35 Ind. App. 32, 40, 71 N. E. 239, this court said:

"The objection to the ninth instruction is that it makes the amount of damages claimed prominent in a manner to be suggestive. It specifies the various facts which the jury have the right to take into account in fixing the amount to be awarded. In conclusion the jury were told that they could not award more than $15,000, the demand of the complaint. The limitation of the award which might be made is doubtless the portion of the instruction regarded as suggestive, but, however unpleasant the contemplation of the possibility of a verdict for so large a sum might be to the defendant, it was the correct statement of a legal proposition. The instruction contains no repetition and does not emphasize the limit of damages."

Finally, appellants group for argument specifications 83, 84 and 85 of their motion for a new trial. The basis

of these specifications is that the trial court erred in refusing to sustain the objections of appellants to statements made by counsel for appellee in the final summation to the jury, wherein a mathematical formula was suggested to the jury for an award of $10.00 per day for pain and suffering up to the time of the trial, and $21.00 per day for pain and suffering for the life expectancy of the appellee. In support of this contention, they cite *Botta* v. *Brunner* (1958), 26 N. J. 82, 138 A. 2d 713 and *Henne* v. *Balick* (1958), 51 Del. 369, 146 A. 2d 394. This is the minority view.

However, that is not the rule in Indiana. In the case of *N. Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, 106 N. E. 2d 453, the Supreme Court specifically held that counsel was authorized to make such argument.

Subsequently, this court, in the case of *Kindler, etc.* v. *Edwards* (1956), 126 Ind. App. 261, 130 N. E. 2d 491, not only held that such argument was proper but that counsel could use a blackboard containing such computations during his argument to the jury. In that case appellant, in its petition to transfer, said:

" . . . That the opinion of the Appellate Court erroneously decides a new question of law in that said court held it was proper to use a blackboard in argument of plaintiff's counsel to the jury upon which blackboard was set forth the figures representing the pecuniary loss of appellee . . . leading the jury to assume and believe that *such figures* so written by appellee's counsel on said blackboard *were in fact a loss* to her thereby *urging the jury to accept said figures as evidence* in the cause . . . ." (Our emphasis).

Thus, the Supreme Court in denying transfer specifically overruled the same contention now made by ap-

pellants in the case at bar. This appears to be the majority rule, as cited in the following cases: *Clark* v. *Hudson* (1957), 265 Ala. 630, 93 So. 2d 138; *McLaney* v. *Turner* (1958), 267 Ala. 588, 104 So. 2d 315; *Aetna Oil Co.* v. *Metcalf* (1944), 298 Ky. 706, 183 S. W. 2d 637; *Bartlebaugh* v. *Pennsylvania Ry. Co.* (1948), 51 Ohio L. Abs. 161, 78 N. E. 2d 410; *Ratner* v. *Arrington* (1959), 111 So. 2d 82; *Four-County Elec. P. Assn.* v. *Clardy* (1954), 221 Miss. 403, 73 So. 2d 144; *Arnold et al.* v. *Ellis* (1957), 231 Miss. 757, 97 So. 2d 744; *A.B.C. Storage and Moving Co.* v. *Herron* (1940), 138 S. W. 2d 211; *J. D. Wright & Son Truck Line* v. *Chandler* (1950), 231 S. W. 2d 786; *Louisiana & Arkansas Railway Company* v. *Mullins* (1959), 326 S. W. 2d 263; *Imperial Oil, Limited* v. *Drlik* (1956), 234 F. 2d 4, 352 U. S. 941; *Haycock* v. *Christie* (1957), 249 F. 2d 501; *Boutang* v. *Twin City Motor Bus Co.* (1956), 248 Minn. 240, 80 N. W. 2d 30; *Flaherty* v. *Minneapolis & St. Louis Ry. Co.* (1958), 251 Minn. 345, 87 N. W. 2d 633; *Haley* v. *Hockey* (1950), 103 N. Y. S. 2d 717. See also annotations at 44 A. L. R. 2d 1191 and 60 A. L. R. 2d 1347.

While appellants in specification 3 of their motion for a new trial averred "the damages assessed by the jury are excessive", nowhere in the argument portion of their brief is there any discussion of this specification.

Finding no reversible error the judgment is affirmed.

Kelley, P. J., Bierly and Gonas, JJ., concur.

NOTE.—Reported in 180 N. E. 2d 375. Transfer denied with dissenting opinion reported in 195 N. E. 2d 488.