SOUTHERN INDIANA GAS & ELECTRIC COMPANY, ET AL. *v.* BONE

[No. 19,416. Filed February 26, 1962. Rehearing denied March 28, 1962. Transfer denied January 23, 1964.]

*Fred P. Bamberger* and *Bamberger, Foreman, Oswald & Hahn*, of Evansville, for appellants.

*Johnson & Carroll*, of Evansville, for appellee.

## DISSENTING OPINION

ACHOR, J.—I recommend transfer of the above captioned case.

The Appellate Court opinion approves appellee's [plaintiff's] instruction No. 3, which is as follows:

> "The Court instructs you that *one who operates a motor vehicle upon a public highway is bound to observe the highway in front of him so as to discover other vehicles thereon, and avoid colliding therewith, and to keep his vehicle under such control that he may readily operate or stop the same to avoid a collision and possible injury to other persons.* He is bound to see what he could have seen if he had exercised due care under the circumstances; and if in this case you find that the defendant Arthur V. Price could have seen the truck in which plaintiff was a passenger in time to have so operated his truck or stopped the same in time to have avoided a collision with the truck in which plaintiff was a passenger, by the exercise of due care and caution required by particular circumstances, and if you also find that defendant Arthur V. Price did so collide with the truck in which plaintiff was a passenger, you may find the defendant Arthur V. Price was negligent in so operating his motor vehicle as to cause such col-

lision, and if the plaintiff Charlotte Bone is not guilty of contributory negligence, your verdict should be for the plaintiff, providing that the negligent act of Arthur V. Price, if you find he was negligent, was the proximate cause of the accident." [My emphasis.]

The instruction is an amplification of a similar instruction which was approved, in the case of *McClure* v. *Miller* (1951), 229 Ind. 422, at page 432, 98 N. E. 2d 498.

Notwithstanding our approval of the instruction in the McClure case, I am of the opinion that the italicized part of the instruction imposes an absolute, and therefore illegal, responsibility upon one who operates a motor vehicle upon a public highway to avoid collision or possible injury to other persons operating motor vehicles upon the public highway, regardless of the negligence on the part of the driver of the other vehicle. For example, under this part of the instruction, it would be immaterial to defendant's liability that the driver of the other vehicle drove onto the wrong side of the highway into the path of the defendant's vehicle, or drove onto the highway into the path of the defendant's vehicle in violation of a stop sign, or that the other vehicle stopped abruptly in front of the defendant operator without signaling.

It is true that the remaining portion of the instruction limits its application to the exercise of due care on the part of the driver of the vehicle, and therefore is not objectionable. However, before properly stating the law regarding the duty of the driver to maintain a lookout and keep his vehicle under control, the instruction establishes an impossible standard as to what constitutes due care in the operation of a motor vehicle, upon which the jury is instructed to determine the fact of the defendant's negligence.

In my opinion the instruction is erroneous and should not be perpetuated.

NOTE.—Reported in 195 N. E. 2d 488.