Rex Schepp *v.* Paul Y. Davis.

[No. 1270A201. Filed November 17, 1971.]

*William H. Wolf,* of Greenfield, *Byrl L. Eltzroth,* of Martinsville, for appellant.

*John M. Cregor, Dongus, Ging, Stein, Cregor & Messick,* of Indianapolis, *Stephen A. Free, Ging, Free & Brand,* of Greenfield, for appellee.

Robertson, J.—Defendant-appellant is appealing an adverse judgment entered by the trial court on the verdict of the jury. The verdict awarded damages to plaintiff-appellee for legal services rendered to the defendant in a federal bankruptcy reorganization proceeding.

Defendant entered into an oral contract with the plaintiff in January of 1959, whereby it was agreed that plaintiff would represent the defendant's interest in a reorganization proceeding in the U. S. District Court for the Southern District of Indiana, brought under Chapter X of the Federal Bankruptcy Act, against Evansville Television, Inc., of which defendant was the principal stockholder. The question of plaintiff's fee was not discussed at the time of his employment.

Thereafter, plaintiff resisted the petition for reorganization of the television corporation in lengthy negotiations and hearings in the Federal District Court, as well as in an appeal to the Seventh Circuit Court of Appeals, and in a Writ of Certiorari to the United States Supreme Court. The three and one-half year proceedings ultimately resulted, upon proof of the corporation's solvency, in a dismissal of the petition by the Federal District Court in April, 1962. Upon conclusion of the bankruptcy proceedings, the trustee and various attorneys filed claims in the District Court for allowance of fees. According to plaintiff's testimony, defendant requested plaintiff to object to the allowances, which he did. Plaintiff further testified that it was suggested by the defendant and another attorney that he file for an allowance. Plaintiff, however, did not petition for an allowance for the stated reason that he did not feel entitled to compensation out of the trust estate.

Subsequent to the bankruptcy proceedings, plaintiff represented defendant in other unrelated and less involved matters. For his services, plaintiff received payment of $13,865.62 from defendant, which, according to plaintiff's testimony, was only partial payment on account. After submitting unanswered demands to the defendant for further payment on the remaining unpaid balance, plaintiff commenced the present action seeking damages of $25,352.51, plus interest. The cause was tried before a jury, which returned a verdict for plaintiff, and awarded damages in the sum of $7,500, plus $4,327.50 in interest. Thereafter, defendant timely filed his Motion to Correct Errors, alleging that the court erred in overruling defendant's Plea in Abatement, and that the court erred in refusing to give defendant's numbered Instructions 3, 4 and 5. Said motion was overruled, and, pursuant thereto, defendant filed this appeal.

In his brief on appeal, defendant has expressly waived Specification No. 1 of his Motion to Correct Errors, dealing with the Plea in Abatement. Accordingly, the sole issue in this

appeal, as raised by Specification No. 2 of defendant's Motion to Correct Errors, is whether the trial court erred in refusing to give defendant's requested Instructions Nos. 3, 4, and 5, which read as follows:

## "INSTRUCTION NO. 3

"You are hereby instructed that during the period that the plaintiff rendered services for the defendant there was in full force and effect that following statutes:

"The judge may allow reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred in connection with the administration of an estate in a proceeding under this chapter or in connection with a plan approved by the judge, whether or not accepted by creditors and stockholders or finally confirmed by the judge—

(1) by indenture trustees, depositaries, reorganization managers, and committees or representatives of creditors or stockholders;

(2) by any other parties in interest except the Securities and Exchange Commission; and

(3) by the attorneys or agents for any of the foregoing except the Securities and Exchange Commission.

"The judge may allow reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred by creditors and stockholders, and the attorneys for any of them, in connection with the submission by them of suggestions for a plan or of proposals in the form of plans, or in connection with objections by them to the confirmation of a plan, or in connection with the administration of the estate. In fixing any such allowances, the judge shall give consideration only to the services which contributed to the plan confirmed or to the refusal of confirmation of a plan, or which were beneficial in the administration of the estate, and to the proper costs and expenses incidental thereto."

## "INSTRUCTION NO. 4

"These statutes are to control the awarding of Attorney fees and the reimbursement of proper costs and expenses incurred by stockholders and attorneys for them in Chapter X Reorganization Proceeding as were involved in this

case, the determination, of what part of the services rendered by attorneys hired by stockholders may, with propriety, be charged to the trust estate of the bankrupt is primarily for the Court of Bankruptcy, in this case, the Federal Court at Indianapolis which was presided over by the Honorable Judge Cale Holder.

"As a general rule attorneys representing stockholders resisting the reorganization under Chapter X are not allowed fees or expenses from the trust estate.

"However, it is not to be understood that under no circumstances should a representative of an individual stockholder be allowed compensation under the Act for Services which were beneficial to the estate, each situation must be determined on its own fact and circumstances, the question is whether the work in connection with the plan has been performed in good faith and has substantially contributed to the result finally achieved.

"Therefore, in this case, the Defendant, Rex Schepp by his pleadings and under evidence introduced has placed in issue the question of fact, whether Paul Y. Davis should have filed for attorney fees with the Federal Court, even though he represented a stockholder who was opposing the Reorganization Act at the beginning of the proceedings and for this reason might have been denied such fees by Judge Holder.

"Therefore you are instructed that such refusal may or may not have been reasonable under the circumstances and such failure to file may be taken into consideration by you in determining whether the Plaintiff Paul Y. Davis has waived his rights to additional attorney fees for the services he rendered in the Bankruptcy proceedings."

## "INSTRUCTION NO. 5

"In determining the fee for legal services, if any, owed by Defendant to Plaintiff, you may consider whether or not Plaintiff could have filed a claim for his legal services in the Trusteeship."

One of the primary contentions raised by plaintiff in his appeal brief concerns the failure of defendant to include in the partial transcript any objections to the trial court's refusal to give his requested Instructions Nos. 3, 4 and 5, as required by TR 51 (c), Indiana Rules of Procedure (1971). We are of

the opinion that discussion of this question is unnecessary by reason of the Per Curiam decision of this Court in overruling of plaintiff's Motion to Dismiss or Affirm.

Defendant contends that plaintiff's testimony that he failed to file for an allowance of fees verifies the existence of the issue, as raised in the defendant's answer to the complaint, of whether or not plaintiff was guilty of estoppel, waiver, and laches, and, therefore, it became the duty of the trial court to instruct the jury as to the law of the case. Indeed, it is always the duty of the court to instruct the jury as to the law of the case, however, in the instant case we fail to see that the portions of the Federal Bankruptcy Act quoted in defendant's Instruction No. 3, and discussed in Instructions 4 and 5, is "the law of the case." It is apparent upon a careful reading of the statute that no affirmative duty was imposed upon plaintiff to petition the federal court for his fee, nor does the statute create any right in defendant to deny plaintiff compensation.

The language of the statute very clearly states that "the judge *may* allow reasonable compensation for services." (Emphasis added.) The statute does not place a mandatory duty upon the federal court to grant allowance for attorney's fees. To the contrary, it would appear from the numerous federal cases cited to us by plaintiff, that in the instant case the question of whether or not the federal judge would have exercised his discretionary power to grant plaintiff an allowance for fees is extremely speculative. Thus, the evidence supporting defendant's requested Instructions 3, 4 and 5, would have indulged the jury to conjecture and speculate upon a matter which was within the exclusive discretionary province of the bankruptcy court. Defendant's refused instructions would have called upon the jury to consider evidence which was speculative as to whether the federal court would have granted plaintiff an allowance, and, if so, how much. While no Indiana case directly on point can be found, the appropriate rule, we feel, was stated in *General*

*Motors Corporation* v. *Walden*, 406 F.2d 606, 609, (10th Cir. 1969), as follows:

"A party is entitled to an instruction on his theory of the case only if that theory is supported by competent evidence. . . . Evidence to justify an instruction must be something more than conjecture and speculation."

We further find upon consideration as a whole of all the instructions given, that the jury was fully and fairly instructed on the law applicable to the facts in issue. *Southern Indiana Gas & Elec. Co.* v. *Boone* (1962), 135 Ind. App. 531, 180 N. E. 2d 375; *Kapelan et al.* v. *Tilles, Inc.* (1961), 131 Ind. App. 390, 171 N. E. 2d 268; *McClure* v. *Miller* (1951), 229 Ind. 422, 98 N. E. 2d 498. Of particular interest relevant to this point is Instruction No. 1, which was given by the trial court on its own motion:

"If you find that defendant employed plaintiff to perform legal services for defendant, and that no specific rate of compensation was agreed upon by the parties, and if you further find that plaintiff did perform said legal services faithfully and with the amount of skill usually exerted by attorneys in the community in such matters, then defendant would be obligated to pay to plaintiff the reasonable value of such services in the area in which they were performed."

The foregoing instruction adequately set forth the issue of whether or not the plaintiff performed his services "faithfully." For the foregoing reasons, it is our conclusion that the trial court did not err in refusing defendant's requested Instructions Nos. 3, 4 and 5, and, therefore, the judgment should be affirmed.

Judgment affirmed.

Sullivan, P.J., and Lowdermilk, J., concur; Buchanan, J., not participating.

NOTE.—Reported in 275 N. E. 2d 17.