Being unable to agree with the majority's disposition of assignments of error seven and eight, I respectfully dissent.
Although not the basis of the majority's decision, I disagree with the finding that appellant's seventh and eighth assignments of error assert that appellee provided insufficient financial evidence to permit the issue of loss of earning capacity to go to the jury.
Appellant's general discussion of the law of damage awards for impaired earning capacity does address the evidentiary requirements for both the affect the physical injuries have on appellee's ability to earn a living and the financial consequences; however, appellant's arguments focus exclusively on the evidence of appellee's physical ability to work and the need for expert medical testimony.
The majority finds that the absence of expert medical testimony on appellee's physical ability to do any work rendered appellee's damage award for future lost earnings speculative.
Compensatory damages must be shown with certainty and not left to conjecture or speculation. Swartz v. Steele (1974),42 Ohio App.2d 1, 5. Thus, when a plaintiff's injury is such that a jury can observe the plaintiff and determine with reasonable certainty, based on common knowledge and experience, whether the injury caused plaintiff to suffer impaired earning capacity, expert testimony on this point is unnecessary. SeeWilliams v. Noden (Feb. 15, 1995), Summit App. No. 16857, unreported. Conversely, when the nature of the injury is such that, without expert testimony, the fact finder could not conclude that the plaintiff will suffer impairment of earning capacity without speculating, expert testimony is required before the issue may be submitted to the jury. Powell v.Montgomery (1971), 27 Ohio App.2d 112, 118, 122.
Determining damages for impaired or lost earning capacity involves more than considering the injury's affect on plaintiff's physical ability to work; it also entails consideration of a plaintiff's age, record of employment and earnings, character, intelligence, work history, and opportunity for advancement and increased earning power.Bartlebaugh v. Pennsylvania RR Co. (1948), 78 N.E.2d 410, 413; Restatement 2d of Torts, Section 924, comment d.
In support of his damage claim for lost wages and loss of earning capacity, appellee was required to prove his assertion that he has been unable to work since his stroke with reasonable — not absolute — certainty. Although no expert stated that appellee was physically unable to do any work, I do not find that testimony to this effect was necessary.
As a result of his stroke, appellee suffers paralysis on the right side of his face, in his right arm and right leg, and has significant speech problems. While appellee's doctor was unable to state his opinion as to appellee's physical ability to perform any work without conducting a full exam, he did testify that appellee is physically unable to return to his prior employment. Appellee was sixty-four years old at the time of trial, has a tenth grade education, and his only work experience is as a sheet metal worker.
Based on the above evidence, I would find this to be an objective injury such that the jury could apply common knowledge and experience and determine with reasonable certainty that, since appellee can no longer do his previous line of work, his age, education and work experience effectively precluded him from returning to the work force at any meaningful level since the time of his stroke. Day v.Gulley (1963), 175 Ohio St. 83. Consequently, expert medical testimony was not necessary to prevent an award for loss of earning capacity from being speculative.
Accordingly, I would overrule appellant's seventh and eighth assignments of error. I concur with the majority as to the remaining assignments of error.